Eric James **BUCEK**, Appellant,

v.

The **STATE** of Texas, State.

No. 2-86-124-CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 4, 1987.

Lonnie Obeidin (Richard Alley, on appeal only), Fort Worth, for appellant.

Tim Curry, Dist. Atty. and Betty Stanton, Asst. Dist. Atty. Fort Worth, for State.

JOE SPURLOCK, II, FARRIS and KELTNER, JJ.

## OPINION

KELTNER, Justice.

This is an appeal of Bucek's conviction of driving while intoxicated pursuant to TEX. REV.CIV.STAT.ANN. art. 6701*l*–1(b) (Vernon Supp. 1987). Upon conviction by a jury, the judge assessed punishment at $600.00 fine, confinement for 30 days and 70 days confinement probated for two years after hearing evidence that as a direct result of the offense, serious bodily injury was caused in an automobile accident.

We affirm.

On July 26, 1985 at approximately 11:30 p.m., Officer Corder of the Fort Worth Police Department was dispatched to the scene of a traffic accident. Upon arrival, the officer observed Bucek standing near one of the vehicles that had been involved in the accident. Upon questioning Bucek, Officer Corder noticed that Bucek had an odor of alcohol on his breath, was unsteady, his eyes were red and watery, and his speech was slurred. The officer, believing Bucek to be intoxicated, placed him under arrest for driving while intoxicated. A sobriety test was not administered at the scene, however Bucek later refused to submit to an intoxilyzer breath test at the jail. Officer McCaughan, who asked Bucek to submit to the test, testified at trial that in his opinion Bucek was intoxicated. Specifically, he testified that Bucek demonstrated an inability to follow simple instructions, keep his balance and walk, as well as demonstrating an impairment of his mobile functions. Officer McCaughan videotaped Bucek's actions at the police station. The videotape was shown to the jury. During

the videotape, Bucek admitted driving his vehicle at the time of the accident. Additionally, Bucek was treated for slight injuries he received in the accident by Dr. Lehman. The doctor appeared at trial and testified that Bucek related he had been involved in a vehicle accident.

Cundiff, the driver of the other vehicle, testified that although he did not see who was actually driving the car that hit his vehicle, Bucek approached him immediately after the collision, stating that he, Bucek, had the green light. Cundiff also stated that Bucek was the only other person at the scene of the accident.

Bucek brings two points of error. In his first point of error, Bucek argues that the evidence presented by the State was insufficient to "support the verdict of the jury at guilt-innocence."

Actually Bucek's argument is much narrower. Specifically, he claims that the only evidence that he was driving the vehicle was his extrajudicial statement made to Officer McCaughan during his interrogation at the jail. Some courts have held that the evidence is insufficient to establish the "corpus delicti" of driving while intoxicated when the only evidence that the appellant was driving was his own extrajudicial confession. *Threet v. State*, 157 Tex.Cr.R. 497, 250 S.W.2d 200, 200 (1952); *Coleman v. State*, 704 S.W.2d 511, 512 (Tex.App.— Houston 1986, no pet.)

However, those cases dealt with situations in which there was no other evidence to relate the accused with the alleged offense. For example, in *Threet*, a highway patrolman was called to an accident scene where he found an overturned pickup truck but no driver. The patrolman later found the accused in the hospital. The accused admitted to a witness that he was the driver of the car. The witness testified that he believed the accused to be drunk at the time of the confession. The Court of Criminal Appeals found that the accused's confession could not support the corpus delicti of driving while intoxicated.

■ This case presents a different fact situation. Here Bucek not only admitted he was driving the vehicle at the time of

the accident; he was also present at the scene; his was the only other car on the road; he approached the victim almost immediately, disclaiming fault; he was the only other person present; he told his doctor he had hit his head in a motor vehicle collision; and he was found to be intoxicated within minutes after the accident. As a result, there is ample corroboration of Bucek's confession that he was the driver. *Sandoval v. State*, 422 S.W.2d 458, 459 (Tex.Crim.App.1968).

In conclusion, there was ample evidence to support the jury's finding at the guilt-innocence stage of the trial.

In Bucek's remaining point of error he claims that the court erred in rendering a judgment of driving while intoxicated with serious bodily injury after the court had only arraigned him for driving while intoxicated. Specifically, Bucek contends that driving while intoxicated is a lesser included offense of driving while intoxicated with serious bodily injury, and as a result, the jury's finding of guilt for driving while intoxicated acquitted him of the charge of driving while intoxicated with serious bodily injury.

The information in the instant case read as follows:

[T]hat in the County of Tarrant and State of Texas ERIC JAMES BUCEK hereinafter called Defendant, in the County of Tarrant and State aforesaid, on or about the 26th day of JULY 1985, did HERETOFORE THEN AND THERE DRIVE AND OPERATE A MOTOR VEHICLE IN A PUBLIC PLACE WHILE THE SAID DEFENDANT WAS INTOXICATED BY NOT HAVING THE NORMAL USE OF HIS MENTAL AND PHYSICAL FACULTIES BY REASON OF THE INTRODUCTION OF ALCOHOL INTO HIS BODY,

ENHANCEMENT PARAGRAPH ONE: AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT AS A DIRECT RESULT OF THIS OFFENSE ANOTHER PERSON, TO–WIT: JULIA MEJIA, SUFFERED SERIOUS BODILY INJURY.

Whether or not the enhancement paragraph was read during the guilt-innocence phase of the trial is unclear. However, it is clear that the court's charge submitted the driving while intoxicated offense and did not include elements of serious bodily injury.

■ We hold that the provisions of TEX. REV.CIV.STAT.ANN. art. 6701*l*–1(f) (Vernon Supp.1987) provides an enhancement of punishment prescribed for the offense of driving while intoxicated and does not define, of and in itself, a separate offense. As a result, article 6701*l*–1(b) cannot be a lesser included offense of article 6701*l*–1(f).

Article 6701*l*–1 is the Texas "Driving While Intoxicated" statute. Subsection (b) defines the offense of driving while intoxicated stating, "a person commits an offense if ..." while intoxicated drives or operates a motor vehicle in a public place. Subsection (c) of the statute provides the ordinary punishment for the offense as a fine of not less than $200.00 or more than $2,000.00 and confinement in jail for not less than 72 hours or more than 2 years. Subsections (d), (e), and (f) provide extraordinary punishments provided in the case of aggravating factors that are spelled out in each subsection. Subsection (d) allows a greater punishment range if the defendant has been convicted of prior offense under article 6701*l*–1. Subsection (e) contains an even greater range if the defendant has been convicted of two or more offenses of article 6701*l*–1. Subsection (f) allows a different punishment if, "as a direct result of the offense, another person suffered serious bodily injury or if the person committing the offense had an open container of alcohol in his immediate possession." Each of these sections start with the common language, "if it is shown on the trial of an offense under this article that a person...."

When compared to the rest of the Penal Code, it is obvious that subsections (c), (d), (e) and (f) are merely punishment provisions of driving while intoxicated and that subsection (b) of the article, driving while intoxicated, is not a lesser included offense of subsection (f). The language used to define each offense enumerated in the Penal Code begins with the statement, "a person commits an offense if...." Likewise, the language prescribing extraordinary punishment for an offense because of aggravating factors consistently begins with the phrase, "if it be shown on the trial...." As a result, the conclusion is inescapable that subsection (b) defines the offense of driving while intoxicated. Subsection (c) prescribes the ordinary punishment for that offense and subsections (d), (e) and (f) prescribe extraordinary punishment which is applicable in the event of certain aggravating factors.[1]

We are aware that this holding conflicts with the Dallas Court of Appeals' opinion in *Rivera v. State*, 716 S.W.2d 68, 71 (Tex. App.—Dallas 1986, pet. granted). With all due respect to our sister court, that conclusion is dicta and was made on an unbriefed and unassigned point of error. As a result, we do not feel bound by that decision.

Therefore, we overrule Bucek's second point of error and affirm the judgment of the trial court.

---

1. Under the prior statutory scheme, misdemeanor driving while intoxicated and felony driving while intoxicated were separate offenses. However, the felony driving while intoxicated statute was repealed by the legislature in 1983 and was incorporated into the integrated driving while intoxicated statute that is presently in force. *See* former TEX.REV.CIV.STAT.ANN. art.
6701*l*–2 (Vernon 1977) *epealed by* Acts 1983, 68 Leg., p. 1607, ch. 303, sec. 27, effective January 1, 1984. *Also see Luedke v. State*, 711 S.W.2d 657, 659 (Tex.Crim.App.1986) for a discussion of the felony versus misdemeanor driving while intoxicated offenses before the repeal of article 6701*l*–2.