**Byron Wheeler POPE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–90–044–CR.**

Court of Appeals of Texas,
Austin.

Jan. 16, 1991.

Ray Bass, Austin, for appellant.

Jeffrey Van Horn, Criminal Dist. Atty., Lockhart, for appellee.

Before CARROLL, C.J., and ABOUSSIE and JONES, JJ.

PER CURIAM.

A jury found appellant guilty of driving while intoxicated, third offense. Tex.Rev. Civ.Stat.Ann. art. 6701*l*–1(e) (Supp.1991). The district court assessed punishment at imprisonment for five years and a $750 fine, probated.

Around 1:00 a.m. on February 12, 1989, a sheriff's deputy found appellant's pickup truck stopped on Farm Road 1322 four miles outside Luling. The truck was sitting in the roadway with its engine running and its lights on. The driver's door was open. Appellant was slumped behind the steering wheel, asleep. An open can of beer sat beside appellant. Apparently, appellant was alone, as there is no evidence of another person in or near the pickup. The deputy was able to awaken appellant with some difficulty and, after determining that he was intoxicated, placed him under arrest. A subsequent breath test indicated that appellant had an alcohol concentration of 0.19.

■ Appellant's first point of error is a challenge to the sufficiency of the evidence. In determining the sufficiency of the evidence to support a judgment of conviction, the question is whether, after viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1974); *Carlsen v. State*, 654 S.W.2d 444, 448 (Tex.Cr.App.

1983) (opinion on rehearing). In *Carlsen*, the court also stated that when the evidence of guilt is circumstantial, a finding of guilt beyond a reasonable doubt is not a rational finding if the evidence supports a reasonable inference other than appellant's guilt. *Id.* at 449.

Appellant concedes that he was shown to be intoxicated at the time and place in question, and he does not deny that Farm Road 1322 is a public place. However, appellant argues that the State failed to prove beyond a reasonable doubt that he drove the pickup, or that he drove the pickup while intoxicated.[1]

The jury could reasonably infer that appellant had been driving the truck from the evidence that the truck was stopped in the roadway with its engine running and its lights on; that the truck belonged to appellant; and that appellant was sitting behind the steering wheel. These facts, plus the evidence that appellant had an open can of beer beside him and was obviously intoxicated when discovered by the officer, reasonably support the inference that appellant was intoxicated when he drove to the spot where he was found. Appellant urges, however, that this evidence does not exclude the hypotheses that someone else drove the truck to the location at which it was found and left appellant sitting in it or, alternatively, that appellant did not become intoxicated until after he stopped his truck on Farm Road 1322.

We are unpersuaded by this contention. A reviewing court, when faced with facts that support conflicting inferences, must presume that the trier of fact resolved these conflicts in favor of the prosecution, and must defer to that resolution. *Jackson v. Virginia*, 443 U.S. at 326, 99 S.Ct. at 2792; *Farris v. State*, No. 69,659, Tex.Cr.App., November 28, 1990 (not yet reported). *See Moone v. State*, 802 S.W.2d

101 (Tex.App.—Austin, 1990). Moreover, the alternative hypotheses advanced by appellant are not reasonable, in part because they are based on pure speculation. Appellant does not cite a shred of evidence that supports the hypothesis that someone else drove him to this spot in rural Caldwell County and walked away. The suggestion that a sober appellant parked his truck in the middle of the road and then drank himself into intoxication (or then became intoxicated as a result of the earlier consumption of alcoholic beverages) is incredible, is without evidentiary support, and is contradicted by the fact that only one half-consumed can of beer was found in the truck.

We find that the evidence in this cause is sufficient to support the jury's verdict. The first point of error is overruled.

In points of error two, three, and four, appellant urges that the district court erred by permitting the State to refer to his two previous DWI convictions during voir dire, to read that portion of the indictment alleging the previous convictions at the start of the guilt stage of trial, and to introduce evidence of the previous convictions at the guilt stage. Appellant argues that art. 6701*l*–1 creates a single offense of driving while intoxicated, and that subsection (e) merely prescribes an enhanced punishment for that offense; that his previous DWI convictions were relevant only to enhance punishment upon conviction; and that bringing the previous convictions to the attention of the jury prior to the punishment stage of trial only served to prejudice the jury with respect to the question of guilt. The State counters by arguing that subsection (e) creates a separate felony offense of which the previous convictions are an essential element, and that it was not only proper but necessary to prove the previous convictions in order to sustain a finding of guilt.

---

**1.** Appellant cites two cases in which, on similar facts, the evidence was held insufficient: *Ballard v. State*, 757 S.W.2d 389 (Tex.App.1988, pet. ref'd); *Reddie v. State*, 736 S.W.2d 923 (Tex.App. 1987, pet. ref'd). In response, the State cites three cases in which, on similar facts, the evidence was found to be sufficient: *Boyle v. State*, 778 S.W.2d 113 (Tex.App.1989, no pet.); *Reyn-*

*olds v. State*, 744 S.W.2d 156 (Tex.App.1987, pet. ref'd); *Keenan v. State*, 700 S.W.2d 12 (Tex.App. 1985, no pet.). If a reading of these opinions reveals a certain inconsistency in the evaluation of the evidence in cases such as this, it also demonstrates that no two cases are factually identical and that the sufficiency of the evidence must be determined on a case-by-case basis.

In *Bucek v. State*, 724 S.W.2d 129 (Tex.App.1987, no pet.), the Fort Worth Court of Appeals construed art. 6701*l*–1 as follows:

> When compared to the rest of the Penal Code, it is obvious that subsections (c), (d), (e), and (f) [of art. 6701*l*–1] are merely punishment provisions.... The language used to define each offense enumerated in the Penal Code begins with the statement, "a person commits an offense if...." Likewise, the language prescribing extraordinary punishment for an offense because of aggravating factors consistently begins with the phrase, "if it be shown on the trial...." As a result, the conclusion is inescapable that subsection (b) defines the offense of driving while intoxicated. Subsection (c) prescribes the ordinary punishment for that offense and subsections (d), (e) and (f) prescribe extraordinary punishment which is applicable in the event of certain aggravating factors.

724 S.W.2d at 131 (footnote omitted). This analysis has been approved by the Court of Criminal Appeals as being "both persuasive and sound." *Wilson v. State*, 772 S.W.2d 118, 121 (Tex.Cr.App.1989). In *Wilson*, the court went on to say:

> Consistent with the adoption of the language identifying offenses ("a person commits an offense") the DWI statute also adopts the language of the Penal Code identifying enhanced punishments ("If it be shown on the trial"). For example, the provisions authorizing enhanced punishment for repeat offenders in art. 6701*l*–1(d) and (e), supra are each prefaced with "If it is shown on the trial...." As previously noted, this is virtually the same language employed to introduce the availability of enhanced punishment in the Penal Code.

772 S.W.2d at 123. In light of *Wilson* and *Bucek*, the conclusion is inescapable that art. 6701*l*–1(e) does not create a separate offense, but only provides an extraordinary punishment for the single offense of driving while intoxicated. In the context of this cause, however, this is a distinction without a difference.

Texas Code Cr.P.Ann. art. 36.01 (Supp. 1991) provides, in part:

> (a) A jury being impaneled in any criminal action ..., the cause shall proceed in the following order:
> 1. The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07.

Under art. 6701*l*–1(e) as interpreted in *Wilson* and *Bucek*, appellant's two previous DWI convictions were alleged for enhancement, but they were not alleged for enhancement *only*. Instead, the two previous convictions were also *jurisdictional*, being necessary to allege a felony and confer jurisdiction on the district court. Being jurisdictional, it was necessary that the previous DWI convictions be included in the body of the main charge before the jury was authorized to make a general finding of guilt. *Gant v. State*, 606 S.W.2d 867, 871 (Tex.Cr.App.1980).[2] It follows that appellant's second, third, and fourth points of error are without merit.

The judgment of conviction is affirmed.

**2.** *Gant* was a prosecution pursuant to what is now Tex.Pen.Code Ann. § 31.03(e)(4)(E) (Supp. 1991) [theft is a third degree felony if the value of the stolen property is less than $750 and the defendant has two previous theft convictions]. In *Diamond v. State*, 530 S.W.2d 586 (Tex.Cr. App.1975), it was held that this subsection creates a separate felony theft offense of which the previous convictions are an essential element, in that they vest jurisdiction in the district court over an offense that would otherwise be a misdemeanor. Thus, *Gant* is not squarely on point with the cause before us, since we are dealing with previous convictions alleged as jurisdictional "enhancements" rather than previous convictions alleged as jurisdictional "elements." However, we believe that it is the jurisdictional nature of the previous convictions, and not their characterization as "elements" or "enhancements," that is determinative of appellant's points of error.