LOVE 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





 





NO. 3-90-191-CR





ROBB MONTGOMERY LOVE,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 1 OF CALDWELL COUNTY



NO. 20,069, HONORABLE EDWARD L. JARRETT, JUDGE PRESIDING



 





 On complaint and information, appellant was charged with the misdemeanor crime
of driving while intoxicated--second offense. See Tex. Rev. Civ. Stat. Ann. art. 6701l-1 (Supp.
1992). After trial to a jury, he was convicted and sentenced to one year in the county jail and
fined $1000. He subsequently received two years' probation, terms of which included thirty days'
detention as well as the original fine. In two points of error, appellant complains that the trial
court erred by: (1) allowing the prosecutor to read to the jury during the guilt/innocence phase
of the trial that portion of the information pertaining to appellant's previous DWI conviction; and
(2) allowing the introduction into evidence of unadjudicated offenses. We will affirm the
judgment.

BACKGROUND


 The facts of this case are not in dispute. On January 7, 1990, an officer from the
Caldwell County Sheriff's Department arrested appellant for driving while intoxicated (DWI). 
On the day of trial, before the jury was sworn, appellant's counsel moved that the court not read
the portion of the information alleging a prior conviction for DWI. Appellant's counsel
maintained that this portion of the information was admissible for enhancement purposes only. 
She maintained that this portion of the information would improperly prejudice the jury during
the guilt/innocence stage of the trial. 

 The State opposed this motion, arguing that proof of a previous DWI conviction
was necessary to establish all of the elements of the charged offense. The State also raised a
jurisdictional argument:



Just like if we were in felony court . . ., in order to invoke the jurisdiction of the
district court to prove a felony DWI, we would have to prove in front of the jury,
prior to the punishment phase, two prior DWI's. In order to have the jury convict
this defendant of DWI second offense, they will have to know, necessarily, about
the first.

 

Thus the State argued that reading the contested portion of the information was necessary to
invoke the jurisdiction of the court. The trial court overruled appellant's motion and subsequently
allowed the State to read to the jury those portions of the information detailing appellant's
previous DWI conviction. 

 Subsequently, appellant took the stand to testify. Appellant's counsel objected
repeatedly when the State questioned appellant concerning the potential revocation of his probation
for the previous DWI conviction. The court overruled most of these objections, sustaining only
the objection regarding the scheduling of a probation revocation hearing.



ANALYSIS


 Appellant's first point of error challenges the reading of portions of the information
to the jury. This point presents two issues: (1) whether art. 6701l-1(d) is an enhancement
provision or whether it is an element of a separate offense; and (2) whether it was necessary to
invoke the jurisdiction of the court by reading that portion of the information referring to
appellant's previous DWI conviction. 

 This Court has previously addressed the first issue. In Pope v. State, 802 S.W.2d
418, 421 (Tex. App. 1991, no pet.), we recognized that subsection (e) of art. 6701l-1 does not
constitute a separate offense but instead merely provides for enhanced punishment for the offense
of driving while intoxicated. In doing so, we cited Bucek v. State, 724 S.W.2d 129, 131 (Tex.
App. 1987, no pet.), which held that "subsections (c), (d), (e), and (f) [of art. 6701l-1] are merely
punishment provisions. . . ." Id. at 421; see also Wilson v. State, 772 S.W.2d 118, 121 (Tex.
Crim. App. 1989). Thus we conclude that appellant's conviction under art. 6701l-1(d) was a
conviction for driving while intoxicated, subject to enhanced punishment because of an earlier
DWI conviction. We reject the State's argument that art. 6701l-1(d) constitutes a separate
offense. 

 The jurisdictional issue, that it was necessary for the State to read the contested
portion of the information in order to invoke the court's jurisdiction, in reality presents no issue
at all. Both first and second offense driving while intoxicated are misdemeanors, see Tex. Penal
Code Ann. § 12.41 (1974), over which the county court at law has jurisdiction. Tex. Gov't Code
Ann. §§ 25.0003 (1988); Id. § 26.045 (Supp. 1992). To invoke the county court at law's
jurisdiction, it was not necessary to establish appellant's previous DWI conviction. (1) 

 The Code of Criminal Procedure states:



The indictment or information shall be read to the jury by the attorney prosecuting. 
When prior convictions are alleged for purposes of enhancement only and are not
jurisdictional, that portion of the indictment or information reciting such
convictions shall not be read until the hearing on punishment. . . .

 

Tex. Code Crim. Proc. Ann. art. 36.01 (Supp. 1992). The court of criminal appeals has noted
that the purpose of this statute is the "prevention of the extreme prejudice which would almost
invariably result from an announcement at the outset of the proceedings that the State believes that
the defendant was previously convicted of a particular offense at a particular time and in a
particular court." Frausto v. State, 642 S.W.2d 506, 508 (Tex. Crim. App. 1982). Article 36.01
is mandatory and its violation is error. Id. 

 Nevertheless, because of events occurring after the commission of this error, we
believe reversal is unwarranted. During the course of the guilt or innocence stage of the trial,
appellant's judgment of probation for his earlier DWI conviction was admitted into evidence
without objection. That judgment contains the identical prejudicial fact of the prior conviction
that appellant sought to exclude by objecting to a reading of the information. Consequently, we
believe beyond a reasonable doubt that the trial court's error made no contribution to appellant's
conviction. See Tex. R. App. P. Ann. 81(b)(2) (Pamph. 1992); see also Anderson v. State, 717
S.W.2d 622, 628 (Tex. Crim. App. 1982), cert denied, 110 S.Ct. 3232 (1990) ("Inadmissible
evidence can be rendered harmless if other evidence at trial is admitted without objection and it
proves the same fact that the inadmissible evidence sought to prove."). (2) We overrule appellant's
first point of error. 

 We likewise overrule appellant's second point of error. Appellant claimed that the
court improperly admitted evidence of extraneous offenses, but those offenses were set forth in
the judgment of probation admitted without objection. Error, if any, on the trial court's part was
rendered harmless by the admission of this judgment of probation. 

 Finding no reversible error, we affirm the judgment. 





 Bea Ann Smith, Justice

[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: June 10, 1992

[Publish]
1. Contrast this with the situation in Pope in which we did recognize that, notwithstanding
the fact that subsection (e) was a penalty provision, the State was justified in referring to the
two previous DWI convictions because they were necessary to invoke the felony jurisdiction of
the district court. Pope, 802 S.W.2d at 421.
2. Of course, the information at issue does not constitute "evidence," but we cannot see
why the same reasoning would not apply here.