TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00136-CR







Zere G-Hiwot, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0955119, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of driving while intoxicated, third offense. (1) Tex. Penal Code
Ann. §§ 49.04(a), 49.09(b) (West Supp. 1997). The district court assessed punishment at imprisonment
for six years.

 In two points of error, appellant contends the district court erred by permitting the
prosecutor to allude to his previous DWI convictions during jury selection and to read that portion of the
indictment alleging the previous convictions at the beginning of the guilt stage of trial. These contentions
were not preserved for review because appellant did not object or otherwise seek to prevent the State from
mentioning his previous DWI convictions at the guilt stage. Tex. R. App. P. 52(a). Moreover, these
contentions are without merit for the reasons stated in Pope v. State, 802 S.W.2d 418, 421 (Tex.
App.--Austin 1991, no pet.). In that opinion, this Court held that the two previous DWI convictions
alleged in a felony driving while intoxicated indictment serve both to enhance punishment and to confer
jurisdiction on the district court, and must be proved at the guilt stage. (2) For that reason, it was not error
to refer to appellant's previous DWI convictions during voir dire and to read the allegations of previous
DWI convictions at the start of the guilt stage. See Tex. Code Crim. Proc. Ann. art. 36.01(a)(1) (West
Supp. 1997).

 Appellant urges us to reconsider Pope. He argues that the previous DWI convictions
should not be considered jurisdictional because it is no longer necessary to allege all elements of an offense
in order to vest jurisdiction in the trial court. Studer v. State, 799 S.W.2d 263, 271-73 (Tex. Crim. App.
1990). Studer does not apply, however, because the previous DWI convictions alleged in an indictment
for felony driving while intoxicated are not elements of the offense. Pope, 802 S.W.2d at 421. The
previous DWI convictions are "jurisdictional enhancements" that must be alleged in order to state a felony
offense triable in district court. Id. at 421 n.2. Points of error three and four are overruled.

 After the indictment was read, appellant was asked to enter his plea. Appellant replied,
"Well, it is not true for 1994 because I never been in Houston in 1994." This was a reference to one of the
previous DWI convictions alleged in the indictment. The court then asked appellant to enter his plea to the
primary offense, "and then I can ask you if you plead true or not true, if you like, to each one of the
allegations of the prior convictions." After appellant pleaded not guilty to the primary offense, the court
asked for his plea as to each of the four previous DWI convictions alleged in the indictment. Appellant
pleaded true to three of the four, and not true to the fourth. Appellant did not object to this procedure, but
now contends that it violated his constitutional privilege against self-incrimination as well as article 36.01. 
U.S. Const. amend. V; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 36.01. (3)

 These contentions were not preserved for review. Rule 52(a); see Bryan v. State, 837
S.W.2d 637, 643 (Tex. Crim. App. 1992) (privilege against self-incrimination may be waived). Asking
appellant to enter pleas to the enhancement allegations did not compel him to incriminate himself because
he was free to plead not true. Moreover, any error was cured when appellant testified and admitted the
three previous convictions to which he pleaded true. Love v. State, 833 S.W.2d 264, 266 (Tex.
App.--Austin 1992, pet. ref'd). Appellant's contention that article 36.01 was violated is premised on the
erroneous assertion that the previous convictions were not jurisdictional. Points of error one, two, and five
are overruled.

 In his final point of error, appellant contends the judgment of conviction is void. Appellant
points out that on the summary page of the judgment it is stated, "Plea to Enhancement Paragraph(s): none"
and "Findings on Enhancement: none." Appellant urges that if there were no findings regarding the
enhancement allegations, his felony conviction and prison sentence are unlawful.

 As previously discussed, appellant entered pleas to each of the previous DWI convictions. 
The body of the judgment recites that the jury returned a verdict of "guilty of the offense of driving while
intoxicated -- a felony." The court's charge required the jury to find that appellant had previously been
convicted two or more times for driving while intoxicated in order to convict. Appellant was properly
adjudged guilty of a felony and punished accordingly. The recitals on the summary page of the judgment
are not erroneous, because no previous non-DWI felony convictions were alleged or proved for
enhancement pursuant to section 12.42 of the Penal Code. Tex. Penal Code Ann. § 12.42 (West 1994
& Supp. 1997); see Jones v. State, 762 S.W.2d 330, 333 (Tex. App.--Austin 1988), aff'd, 796 S.W.2d
183, 185 (Tex. Crim. App. 1990) (punishment for felony driving while intoxicated may be enhanced by
proof of previous convictions for felonies other than driving while intoxicated). Point of error six is
overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: January 9, 1997

Do Not Publish
1.   In the indictment, appellant's name was shown as G-Hiwot Zere. At trial, appellant stated
that his name is Hiwot G. Zere. Our opinion is styled in conformity to the judgment of conviction.
2.   Pope interpreted former article 6701l-1(e). Act of May 27, 1983, 68th Leg. R.S., ch. 303, § 3,
1983 Tex. Gen. Laws 1568, 1574 (Tex. Rev. Civ. Stat. Ann. art. 6701l-1(e)). Section 49.09(b) is
derived from and substantially identical to its statutory predecessor. Appellant does not contend that it was
error for the court to submit the issue of the previous convictions to the jury at the guilt stage.
3.   Appellant does not assert that the Texas Constitution's guarantee against self-incrimination
is broader than that provided by the United States Constitution. McCambridge v. State, 712
S.W.2d 499, 502 n.9 (Tex. Crim. App. 1986).



s of error three and four are overruled.

 After the indictment was read, appellant was asked to enter his plea. Appellant replied,
"Well, it is not true for 1994 because I never been in Houston in 1994." This was a reference to one of the
previous DWI convictions alleged in the indictment. The court then asked appellant to enter his plea to the
primary offense, "and then I can ask you if you plead true or not true, if you like, to each one of the
allegations of the prior convictions." After appellant pleaded not guilty to the primary offense, the court
asked for his plea as to each of the four previous DWI convictions alleged in the indictment. Appellant
pleaded true to three of the four, and not true to the fourth. Appellant did not object to this procedure, but
now contends that it violated his constitutional privilege against self-incrimination as well as article 36.01. 
U.S. Const. amend. V; Tex. Const. art. I, § 10; Tex