TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN





NO. 03-98-00180-CR






Christopher Poller, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY


NO. 497605, HONORABLE WILFRED AGUILAR, JUDGE PRESIDING







 A jury found appellant Christopher Poller guilty of driving while intoxicated
("DWI"). See Tex. Penal Code Ann. § 49.04(a) (West Supp. 1999). The trial court sentenced
appellant to 240 days in jail and suspended his driver's license for two years. In his first point of
error, appellant complains that at the hearing on his motion to suppress, the trial court improperly
admitted evidence showing there was probable cause appellant was intoxicated. Appellant asserts
that the State was collaterally estopped from relitigating the intoxication issue because in an earlier
license-revocation proceeding, an administrative law judge ("ALJ") had found no probable cause
for intoxication. In his second point, appellant contends the trial court erroneously denied his
motion to suppress because the police arrested him illegally and without probable cause. We will
affirm.





FACTUAL AND PROCEDURAL BACKGROUND

 In the early morning hours of July 4, 1997, off-duty sheriff's deputy John Lacaria
received a complaint from a neighbor that an Isuzu Trooper had been parked in the middle of the
street for about an hour, headlights on and engine running. Lacaria drove to where the car was
parked and blocked the roadway to prevent the driver from fleeing. When he approached the car,
Lacaria found appellant unconscious in the driver's seat, his head hanging out of the window,
drooling profusely.

 Lacaria tried to wake appellant, but without success. He turned off the engine of
appellant's car, removed the keys, and asked the Sheriff's Department to contact the Austin Police
Department. Officer Noel Guerin arrived within five minutes, and Lacaria told him what had
happened. Officer Guerin first tried to wake appellant by tapping him on the shoulder. When that
did not work, Officer Guerin broke an ammonia capsule under appellant's nose. Appellant finally
awoke after the officer used his knuckle to apply pressure to appellant's chest. Officer Guerin
testified he noticed a "moderate" odor of alcohol coming from the car.

 Once conscious, appellant become combative and tried to put the car in gear and
drive away. Officer Guerin cuffed one of appellant's hands and pulled him out of the car. 
Appellant stumbled and tried to walk away as the officer cuffed the other hand. When the officer
searched appellant's car, he found an open wine cooler bottle. Another witness testified he had
seen appellant walk into a neighbor's house carrying a large case of beer. Officer Guerin did not
conduct any field sobriety tests.

 An administrative hearing pertaining to a revocation of appellant's driver's license
was held on August 28, 1997. The ALJ who presided over that hearing found by a preponderance
of the evidence that there was no probable cause to believe appellant was intoxicated and allowed
appellant to keep his driver's license. Seven months later, in a criminal proceeding, a jury
convicted appellant of driving while intoxicated. As punishment, the court suspended appellant's
driver's license for two years and sentenced him to 240 days in jail.

 Appellant complains on appeal that collateral estoppel prohibited the State from re-litigating the probable cause for intoxication issue at his criminal trial. He also contends the police
lacked probable cause to arrest him for DWI and claims that the "fruits" of the illegal arrest
should not have been allowed into evidence.


DISCUSSION

 Appellant's points of error are not properly before this Court because they have not
been preserved for appellate review. Although the reporter's record indicates appellant filed two
motions to suppress, neither of these motions is in the appellate record. We therefore cannot
determine what evidence appellant asked the trial court to suppress. See Tex. R. App. P. 33.1. 
Moreover, the "fruit of the poisonous tree" doctrine requires appellant to identify what evidence
was seized because of his illegal arrest and how that evidence was used at trial. See Gonzales v.
State, 977 S.W.2d 189, 191 (Tex. App.--Austin 1998, pet. filed). Because appellant failed to
identify the "fruits" of the alleged illegal arrest, we need not reach the merits of appellant's points
of error. Id. Even if appellant had preserved error, however, we would still overrule both points
of error for the reasons set forth below.

 Appellant's first point of error argues that collateral estoppel prohibits the State
from litigating probable cause for intoxication because an ALJ had previously found no probable
cause to find appellant intoxicated. When reviewing the trial court's decision to apply collateral
estoppel, the standard of review is de novo. See State v. Anderson, 974 S.W.2d 193, 194 (Tex.
App.--San Antonio 1998, no pet.). Appellant cites us to State v. Brabson, 976 S.W.2d 182 (Tex.
Crim. App. 1998), where the court of criminal appeals held that the State is allowed to relitigate
issues of probable cause for arrest in a criminal proceeding even though the same issue had been
decided in a prior administrative hearing. Id. at 185. The court explained that when Brabson was
arrested in 1992, former article 6701l-5 of the Texas Revised Civil Statutes gave an ALJ authority
to decide probable cause for intoxication but did not give the ALJ authority to decide issues of
probable cause for arrest. See Brabson, 976 S.W.2d at 184; Act of June 7, 1971, 62d Leg., R.S.,
ch. 709, § 2, 1971 Tex. Gen. Laws 2340, 2342 (Tex. Rev. Civ. Stat. Ann. art. 6701l-5, § 2, since
repealed and codified at Tex. Transp. Code Ann. § 724.048). Because the probable cause for
arrest issue was not properly before the ALJ, the court held that collateral estoppel did not apply.
See Brabson, 976 S.W.2d at 185.

 To support his contention, appellant attempts to distinguish the facts in the instant
case from those in Brabson. Here, appellant argues, the ALJ found there was no probable cause
that appellant was intoxicated. Because the intoxication ruling falls under the ALJ's statutory
authority, appellant reasons, collateral estoppel can be applied. See former Tex. Civ. Stat. Ann.
art. 6701l-5, § 2.

 Although appellant's logic may be sound, he overlooks the fact that article 6701l-5
was repealed in 1995 and was no longer in force when he was arrested in 1997. The legislature
replaced article 6701l-5 with section 724.048 of the Transportation Code, which reads as follows:


(a) The determination of the department or administrative law judge:


(1) is a civil matter;

(2) is independent of and is not an estoppel as to any matter in issue in an
adjudication of a criminal charge arising from the occurrence that is the basis
for the suspension or denial; and

(3) does not preclude litigation of the same or similar facts in a criminal
prosecution.



Tex. Transp. Code Ann. § 724.048 (West 1999). Section 724.048 clearly states that an ALJ
ruling does not preclude subsequent criminal litigation of any issue determined in an administrative
hearing. Because section 724.048 was in effect when appellant was arrested in 1997, that
provision is controlling. See Brabson, 976 S.W.2d at 185 n.6; Dodson v. State, 969 S.W.2d 117,
118-19 (Tex. App.--Houston [14th Dist.] 1998, no pet.). We therefore conclude the trial court
properly denied appellant's motion to suppress despite the ALJ's ruling of no probable cause for
intoxication. (1) Even if properly preserved, appellant's first point of error is overruled.

 Appellant's second point of error contends his original motion to suppress should
have been granted because the police arrested him illegally and without probable cause. The
standard of review for a trial court's determination of probable cause is de novo. See Guzman v.
State, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997). We will therefore defer to the trial court's
determination of historical facts, but decide anew whether probable cause existed, which requires
that we focus on the totality of the facts and circumstances surrounding the arrest. See Guzman,
955 S.W.2d at 87; Amores v. State, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991).

 A police officer has probable cause to arrest a suspect without a warrant if he has
trustworthy information that would lead a reasonable person to believe that the suspect has
committed or is committing a crime. See Amores, 816 S.W.2d at 413; Tex. Code Crim. Proc.
Ann. art. 14.03(a)(1) (West Supp. 1999). The officer is not required to see every element of an
offense before making an arrest. See Astran v. State, 799 S.W.2d 761, 764 (Tex. Crim. App.
1990). He may rely on statements and observations from other people, including lay witnesses,
to determine probable cause. Id.

 Appellant argues that the circumstances in this case are insufficient to support
probable cause for driving while intoxicated because Officer Guerin did not see him drive the car
or ascertain that he had been drinking. This Court has rejected the contention that an officer must
personally see a DWI suspect driving a vehicle to establish probable cause. See Elliott v. State,
908 S.W.2d 590, 592 (Tex. App.--Austin 1995, pet. ref'd); Pope v. State, 802 S.W.2d 418, 420
(Tex. App.--Austin 1991, no pet.). We must therefore decide whether the remaining
circumstances support a finding of probable cause to arrest appellant for DWI. We conclude they
do.

 First, Officer Guerin had reliable information from Lacaria, the off-duty sheriff's
deputy, that appellant had been operating a vehicle. Lacaria found appellant's car in the middle
of a public street, with appellant passed out in the driver's seat and the engine running. Lacaria
testified the engine was racing at times, which indicates appellant may have had his foot on the gas
pedal. Lacaria, who had investigated DWIs "many times," blocked appellant's car with his own
to prevent appellant from "running me down if it were a drunk driver." We are satisfied that,
taken together, the evidence was sufficient to establish that appellant was operating a motor
vehicle. (2) See Pope, 802 S.W.2d at 420; State v. Savage, 905 S.W.2d 272, 274 (Tex. App.--San
Antonio 1995, no pet.).

 We are equally persuaded that probable cause for intoxication existed. When
Lacaria found appellant, he was unconscious and drooling. Both Lacaria and Officer Guerin had
trouble waking appellant, even after opening an ammonia capsule under his nose. There was a
"moderate" odor of alcohol coming from the car. One witness testified he saw appellant carry a
case of beer into a neighbor's house earlier that evening. It is clear that this circumstantial
evidence could lead a reasonable person to believe appellant was intoxicated. See Amores, 816
S.W.2d at 413.

 With respect to the legality of appellant's warrantless arrest, we note that when
Officer Guerin finally woke appellant, appellant immediately tried to put the car in gear and drive
away. This alone, under Elliott, indicates that appellant could have been a danger to himself or
to others, which would justify a warrantless arrest for public intoxication. See Elliott, 908 S.W.2d
at 592. We therefore conclude that appellant's arrest was not illegal. See id.; Porter v. State, 969
S.W.2d 60, 64-65 (Tex. App.--Austin 1998, pet. ref'd). Appellant's second point of error, even
if properly preserved, is overruled.


CONCLUSION

 We overrule appellant's two points of error and affirm the judgment of the trial
court.



 
 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: March 18, 1999

Do Not Publish
1. Appellant also argues that the Department of Public Safety and the District Attorney's
office are not in privity for the purposes of collateral estoppel and asks us to ignore Brabson in
favor of older cases that support his position. Because we find section 724.048 controlling, we
do not reach these issues. 
2. We are mindful that other courts have sometimes held that finding a person unconscious
in the driver's seat with the engine running is insufficient to prove he was operating the motor
vehicle. See Ballard v. State, 757 S.W.2d 389, 391 (Tex. App.--Houston [1st Dist.] 1988, pet.
ref'd); Reddie v. State, 736 S.W.2d 923, 926 (Tex. App.--San Antonio 1987, pet. ref'd). In those
cases, appellants complained there was insufficient evidence to support their DWI convictions
because they were found asleep behind the wheel of their vehicles. Here, however, appellant is
not complaining that there was insufficient evidence to support his DWI conviction; he is merely
challenging the evidence that supports probable cause for his arrest. As we pointed out earlier,
a police officer has probable cause if he can show he possessed knowledge that would lead a
reasonable person to believe someone has committed or is committing a crime. We are satisfied
this burden has been met.



.2d 761, 764 (Tex. Crim. App.
1990). He may rely on statements and observations from other people, including lay witnesses,
to determine probable cause. Id.

 Appellant argues that the circumstances in this case are insufficient to support
probable cause for driving while intoxicated because Officer Guerin did not see him drive the car
or ascertain that he had been drinking. This Court has rejected the contention that an officer must
personally see a DWI suspect driving a vehicle to establish probable cause. See Elliott v. State,
908 S.W.2d 590, 592 (Tex. App.--Austin 1995, pet. ref'd); Pope v. State, 802 S.W.2d 418, 420
(Tex. App.--Austin 1991, no pet.). We must therefore decide whether the remaining
circumstances support a finding of probable cause to arrest appellant for DWI. We conclude they
do.

 First, Officer Guerin had reliable information from Lacaria, the off-duty sheriff's
deputy, that appellant had been operating a vehicle. Lacaria found appellant's car in the middle
of a public street, with appellant passed out in the driver's seat and the engine running. Lacaria
testified the engine was racing at times, which indicates appellant may have had his foot on the gas
pedal. Lacaria, who had investigated DWIs "many times," blocked appellant's car with his own
to prevent appellant from "running me down if it were a drunk driver." We are satisfied that,
taken together, the evidence was sufficient to establish that appellant was operating a motor
vehicle. (2) See Pope, 802 S.W.2d at 420; State v. Savage, 905 S.W.2d 272, 274 (Tex. App.--San
Antonio 1995, no pet.).

 We are equally persuaded that probable cause for intoxication existed. When
Lacaria found appellant, he was unconscious and drooling. Both Lacaria and Officer Guerin had
trouble waking appellant, even after opening an ammonia capsule under his nose. There was a
"moderate" odor of alcohol coming from the car. One witness testified he saw appellant carry a
case of beer into a neighbor's house earlier that evening. It is clear that this circumstantial
evidence could lead a reasonable person to believe appellant was intoxicated. See Amores, 816
S.W.2d at 413.

 With respect to the legality of appellant's warrantless arrest, we note that when
Officer Guerin finally woke appellant, appellant immediately tried to put the car in gear and drive
away. This alone, under Elliott, indicates that appellant could have been a danger to himself or
to others, which would justify a warrantless arrest for public intoxication. See Elliott, 908 S.W.2d
at 592. We therefore conclude that appellant's arrest was not illegal. See id.; Porter v. State, 969
S.W.2d 60, 64-65 (Tex. App.--Austin 1998, pet. ref'd). Appellant's second point of error, even
if properly preserved, is overruled.


CONCLUSION

 We overrule appellant's two points of error and affirm the judgment of the trial
court.



 
 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: March 18, 1999

Do Not Publish
1. Appellant also argues that the Department of Public Safety and the District Attorney's
office are not in privity for the purposes of collateral estoppel and asks us to ignore Brabson in
favor of older cases that support his position. Because we find section 724.048 controlling, we
do not reach these issues. 
2. We are mindful that other courts have sometimes held that finding a person unconscious
in the driver's seat with the engine running is insufficient to prove he was operating the motor