# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00111-CR

**Michael McClain, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY
### NO. 00-0054-2, HONORABLE ROBERT F. B. (Skip) MORSE, JUDGE PRESIDING

This is an appeal from a conviction after a bench trial for the Class B misdemeanor offense of driving while intoxicated. *See* Tex. Pen. Code Ann. § 49.04(a), (b) (West Supp. 2002). In his points of error, McClain complains that there is factually insufficient evidence that: (1) he was intoxicated, or (2) that he operated a motor vehicle while intoxicated. We find sufficient evidence in the record of both intoxication and operation of a motor vehicle, and we will affirm the judgment of the county court at law.

## FACTS

McClain was found by a passerby in the early morning hours of December 11, 1999, in the driver's seat of an automobile sitting stationary at the intersection of Louis Henna and Greenlawn Boulevards in Round Rock, Texas. McClain's car was stopped in the middle of the outside lane of traffic. The car's engine was running; the key was in the ignition; the lights of the car

were on and the car was in drive. McClain was slumped over the steering wheel unconscious. The passerby testified that when she first observed the car it appeared to be stationary, but after she pulled up along side of it she realized that it seemed to be creeping forward slightly. The passerby unsuccessfully tried to wake the driver. The Round Rock police were summoned.

McClain was still in his car and his car was still in the roadway when the police arrived. The first officer on the scene, Officer Rackley, tapped on the driver's window but there was no response or movement from the driver. Officer Rackley entered the car from the passenger's side, put the car in park, turned off the ignition, and removed the keys. The driver awoke at that point. Rackley testified that he noticed a "strong odor in the vehicle." He also found two empty beer bottles in the front passenger's seat of McClain's car and two bottles of alcohol in the trunk.

The second officer on the scene was Officer Peterson. McClain told Peterson that he had been "coming from town," meaning Austin. Officer Peterson testified that he noticed a strong odor of an alcoholic beverage coming from McClain's person, and that McClain was slow to respond to Peterson's questions. McClain's eyes were bloodshot and his speech was slow and deliberate.

Peterson administered three field sobriety tests to McClain. First, Peterson administered the horizontal gaze nystagmus ("HGN") test which examines a suspect's eyes for equal tracking and pupil size. He reported that there was: (1) a "lack of smooth pursuit"; (2) "onset of nystagmus at maximum deviation"; and (3) "nystagmus prior to 45 degrees." The second test was a walk-and-turn test requiring the suspect to walk an imaginary line touching heel-to-toe. Peterson said McClain "could not maintain his balance during the instruction phase of the test," "failed to make heal [sic] to toe contact on any step," and "raised his arms for balance and made an improper turn."

2

Peterson testified that there are eight possible clues (or criteria) in the walk-and-turn test and failing two is sufficient to show intoxication. He said that McClain failed six in his test. The third test was the one-leg stand. Peterson said that McClain swayed while performing this test, used his arms for balance and hopped on one foot. McClain refused to take an intoxilizer test. There was testimony that the intersection where McClain was found was a public place in Williamson County.

Peterson testified that, based upon his experience and training and McClain's performance of the field sobriety tests, he concluded that McClain was under the influence of alcohol and placed him under arrest for driving while intoxicated. Both officers identified McClain as the driver of the automobile in question.

On cross-examination, Peterson admitted that fatigue can contribute to positive findings on the HNG test; that McClain did understand the instructions given regarding the tests; that McClain did maintain his balance and did not step off the straight line during the walk-and-turn test; and that nervousness can affect one's performance of the tests.

## DISCUSSION

On appeal, McClain complains that the evidence was factually insufficient to establish that he operated a motor vehicle on a public road while he was intoxicated. He contends that the testimony tending to establish guilt is vague and unclear, and that the contrary evidence is overwhelming. We disagree.

The offense of which McClain was convicted prohibits an intoxicated person from operating a motor vehicle in a public place. Tex. Pen. Code Ann. § 49.04(a). The term "intoxicated" is defined as, among other things, "not having the normal use of mental or physical faculties by reason

3

of the introduction of alcohol . . . into the body." Tex. Pen. Code Ann. § 49.01(2)(A) (West Supp. 2002). The essential elements of the offense of driving while intoxicated are that the accused (1) operated a motor vehicle, (2) while intoxicated, (3) in a public place such as a roadway. *See Barton v. State*, 882 S.W.2d 456, 458 (Tex. App.—Dallas 1994, no pet.). Here, McClain concedes in his brief that he operated a motor vehicle. However, he contends that the state failed to prove that at the time he operated his vehicle he was intoxicated.

In reviewing the factual sufficiency of the evidence, courts do not view the evidence in the light most favorable to the verdict; instead, all the evidence is considered neutrally to determine if the proof of guilt is so obviously weak or so greatly outweighed by contrary evidence as to undermine confidence in the fact-finder's decision. *See Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. 2000). A conviction is set aside only if it is clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. 1996); *Stone v. State*, 823 S.W.2d 375, 381 (Tex. App.—Austin 1992, pet. ref'd, untimely filed). Appellate courts sustain factual sufficiency challenges only to prevent manifestly unjust results, for they are not free to reweigh evidence and set aside a conviction merely because a different result is more reasonable. *Clewis*, 922 S.W.2d at 135.

Moreover, the circumstantial evidence of guilt need not exclude every reasonable alternative hypothesis in evaluating the sufficiency of the evidence. *Daricek v. State*, 875 S.W.2d 770, 773 (Tex. App.—Austin 1994, pet. ref'd). The governing test is whether a rational trier of fact could infer beyond a reasonable doubt that McClain was intoxicated at the time he operated his vehicle in a public place. *See id*. at 774.

McClain voluntarily waived his right to a jury and consented to the trial court acting as fact-finder. The evidence of McClain's guilt is not so obviously weak or so greatly outweighed by contrary evidence as to undermine confidence in the trial court's decision. The circumstantial evidence in this case strongly indicates that McClain was so intoxicated on the night in question that he passed out while driving on a public roadway. *See Milam v. State*, 976 S.W.2d 788, 789 (Tex. App.—Houston [1st Dist.] 1998, no pet.); *State v. Savage*, 905 S.W.2d 272, 274 (Tex. App.—San Antonio 1995), *pet. granted*, *aff'd on other grounds*, 933 S.W.2d 497 (Tex. Crim. App. 1996); *Barton v. State*, 882 S.W.2d at 459-60; *Pope v. State*, 802 S.W.2d 418, 420 (Tex. App.—Austin 1991, no pet.).

There is ample evidence of McClain's intoxication at the time he operated his vehicle. McClain alludes to the possibility that his behavior could have been the result of fatigue. However, there is no evidence in the record to support this possibility. The facts are too meager even to infer that McClain fell asleep at the wheel due to fatigue. The passerby testified that when she came upon McClain, he was alone and the streets were deserted. That the officers detected a strong odor of alcohol and McClain failed three field sobriety tests is significant evidence of his intoxication. The fact that McClain was intoxicated when he was found in the early morning hours in the driver's seat of his car unconscious, slumped over the steering wheel with the car running, in gear and with its lights on supports the trial court's conclusion that McClain was intoxicated at the time he drove his car to the point where it was found. *See Pope v. State*, 802 S.W.2d at 420. Based on all the evidence, a rational trier of fact could reasonably infer beyond a reasonable doubt that McClain was intoxicated at the time he operated his vehicle in a public place.

We find there is factually sufficient evidence to support the trial court's conclusion that McClain was intoxicated when he drove a motor vehicle on a public roadway in Williamson County on the date in question. Both of McClain's points of error are overruled.

**CONCLUSION**

The judgment of the county court at law is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   March 21, 2002

Do Not Publish