# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-13-00281-CR

**Robert Murphy, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 8 OF TRAVIS COUNTY, NO. C-1-CR-11-216725
HONORABLE CARLOS HUMBERTO BARRERA, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury found appellant Robert Murphy guilty of misdemeanor driving while intoxicated, and the trial court sentenced him to 45 days in the sheriff's weekender alternative program. *See* Tex. Penal Code § 49.04. Appellant contends that the evidence is insufficient to prove the offense and that the prosecutor engaged in improper argument. We will affirm the judgment.

## BACKGROUND

Austin Police Department Officer Phillipe Bohn testified that he responded to a call reporting a man passed out behind the wheel of a vehicle northbound on MoPac at LaCrosse. Bohn said he found the vehicle in the lane of travel at the scene as described with EMS present. Bohn testified that the vehicle's engine was running and that the transmission was in park. The man in the driver's seat, appellant, was wearing his seat belt and was alone. Bohn testified that an EMS technician knocked on the window, and appellant began to wake up. Bohn said that appellant appeared confused and had trouble opening either the window or the door. Appellant lowered the

window, and Bohn said that he smelled a strong odor of alcohol, though he had described it in his report as a slight to moderate odor, and noticed that appellant had vomited on himself. Bohn reached in to open the door, turn the vehicle off, and take the keys. Bohn testified that he asked why appellant's pants were unbuttoned and unzipped. Appellant denied that they were until Bohn pointed at them, and appellant did not explain why his pants were unsecured. Bohn testified that when he asked where appellant was coming from and why he was there, appellant said "the lights turned on, the lights turned off," which Bohn said made no sense.

APD Officer Jason Day arrived later and administered field sobriety tests to appellant. He testified that the dispatch call on appellant was made at 4 a.m. Officer Day testified that he noticed a strong mixture of odors, including alcohol, vomit, and feces. Day testified that appellant's speech was slurred and delayed. Day testified that appellant struggled to remove his wallet to produce identification. Day testified that when asked where he was going, appellant responded variously that he was not sure, that he was going nowhere in particular, and finally settled on that he was going home, although his truck was headed away from the address given as his home. Day testified that he continued to notice the same mix of odors emanating from appellant as they talked outside the vehicle. Day said that appellant was swaying, had difficulty maintaining his balance, and continued to have slurred and delayed speech. Day said that he asked appellant if he had conditions that would interfere with his performance of the field sobriety tests and that appellant was evasive but eventually indicated that he had no special conditions that would affect him. Day testified that he observed sufficient clues indicating appellant's intoxication on the horizontal gaze nystagmus test, the straightline walk-and-turn test, and the one-leg stand. After unsuccessfully requesting

2

information regarding appellant's travel origin and intended destination, Day arrested appellant. Appellant refused to provide breath or blood samples.

## DISCUSSION

**Sufficient evidence supports the jury's DWI verdict.**

Appellant contends that the evidence was legally insufficient to support the conviction because the State adduced no evidence that he operated a vehicle while intoxicated. He argues that the absence of evidence of when the vehicle might have been driven to the intersection and whether appellant was intoxicated if he did so requires that we reverse the conviction. He contends that, on this record, no reasonable juror could have found that appellant drove *while* intoxicated.

We review all of the evidence in the light most favorable to the verdict and decide whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Williams v. State*, 301 S.W.3d 675, 684 (Tex. Crim. App. 2009). The jury must fairly resolve conflicts in the evidence, weigh the evidence, and draw reasonable inferences from the evidence. *Threadgill v. State*, 146 S.W.3d 654, 663 (Tex. Crim. App. 2004). Evidence that, when viewed most favorably to the judgment, merely raises a strong suspicion of guilt is legally insufficient to support a conviction beyond a reasonable doubt. *Winfrey v. State*, 323 S.W.3d 875, 882 (Tex. Crim. App. 2010).

The parties cite cases with a range of facts and outcomes. One is particularly persuasive for this case. In *Pope v. State*, this Court held that a jury reasonably inferred that Pope was intoxicated while driving based on proof that his truck was found stopped in a roadway with the engine running and Pope behind the wheel, asleep and intoxicated, with an open beer beside him. 802 S.W.2d 418, 420 (Tex. App.—Austin 1991, no pet.). Though it was possible either that

3

someone else drove the truck and abandoned it and Pope or that Pope did not become intoxicated until after stopping the truck, this Court deferred to the jury's determination and declined to conclude that no reasonable jury could have found Pope guilty. *Id.* Appellant argues that additional evidence present in that case—a blood-alcohol level of more than twice the legal limit and an open beer can—distinguishes that case from ours. We find the similarities more striking and persuasive.

Appellant was discovered at 4 a.m. unconscious and seatbelted behind the wheel of his truck with the engine running in the roadway at an intersection. He had been there for almost fifteen minutes when police arrived, but there is no evidence that he had any alcohol with him in the vehicle. This supports an inference that he was no longer ingesting alcohol in the vehicle. He nevertheless emitted an odor of alcohol of some strength, mixed with the smell of vomit and feces. He showed several signs of intoxication on the field sobriety tests. He responded to questions that he was "going" or "headed" somewhere, possibly home, not just parked on the public road. Based on this evidence, we conclude that a reasonable jury could have found beyond a reasonable doubt that, while intoxicated, appellant drove to the place he was found.

**The prosecutor's argument does not require reversal.**

Appellant complains that the prosecutor's argument was improper by injecting punishment into the guilt/innocence phase, inserting the prosecutor's personal opinion regarding appellant's guilt, and personally vouching for the credibility of Officer Day.[1] Appellant did not

---

[1] The prosecutor asserted, "We're just going to ask for some probation and community service and classes so that he can learn from his mistake and just go on with his life." Appellant contends that the prosecutor sought to persuade the jury that a conviction was not a big deal, to "abandon logic and reason," and to overlook the lack of evidence of driving while intoxicated. The State asserts that the prosecutor argued this to stave off jury nullification of the charges arising from jurors' possible concern that the court might impose a harsh punishment, and that therefore this argument is a plea for law enforcement.

object to the prosecutor's argument at trial, however, and has failed to preserve this complaint for appeal. Tex. R. App. P. 33.1; *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) ("a defendant's failure to object to a jury argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal").

Appellant contends that the prosecutor's argument at trial was so egregiously improper that it deprived him of due process and should not require preservation to merit reversal. Proper jury argument includes 1) a summary of the evidence; 2) reasonable deductions from the evidence; 3) answers to argument of opposing counsel; and 4) a plea for law enforcement. *Whiting v. State*, 797 S.W.2d 45, 48 (Tex. Crim. App. 1990). Improper prosecutorial argument can be reversible error only when the argument is "extreme, manifestly improper, injects new and harmful facts into the case or violates a mandatory statutory provision and is thus so inflammatory that its prejudicial effect cannot reasonably be cured by judicial instruction to disregard [the] argument." *Hernandez v. State*, 819 S.W.2d 806, 820 (Tex. Crim. App. 1991). We

---

When envisioning a possible post-trial conversation that the jurors might have, the prosecutor imagined that after trial when jurors explained the evidence to others, the non-jurors would ask, "['][W]ell, you found him guilty, right?['] And I think that's what we have here. This is—it is basically—the only thing that would make a more open and shut case would be if we had breath or blood result." Appellant contends that the prosecutor thereby improperly told the jurors that this is an open-and-shut case. The State argues that this excerpt was from a longer discussion of the evidence of guilt that comprised an answer to appellant's argument that this was an open-and-shut case for acquittal. The State argues that this was a proper plea for law enforcement.

The prosecutor said of Officer Day, "I would be proud to bring him up in front of any jury in Austin any day of the week. I think he was very fair." Appellant contends that this is an improper personal opinion of the witness's credibility. *See Menefee v. State*, 614 S.W.2d 167, 168 (Tex. Crim. App. 1981). The State argues that it was a proper response to appellant's argument that Officer Day "mischaracterized or fudged" the nystagmus evidence under oath, that Officer Day played "hide the ball" with appellant when conducting the one-leg stand test, and that the testifying officers' willingness to fudge or exaggerate evidence should create reasonable doubt.

use the following factors to decide whether improper argument was harmful:  1) the severity of the misconduct, 2) measures adopted to cure it, and 3) the certainty of conviction absent the misconduct. *Ramon v. State*, 159 S.W.3d 927, 929 (Tex. Crim. App. 2004).

We are not persuaded that any of the argument challenged in this case is sufficiently improper to disregard the preservation requirement of *Cockrell*.  *See* 933 S.W.2d at 89. Uncontroverted evidence showed that appellant was discovered unconscious and smelling of vomit, feces, and alcohol—with no evidence of alcohol in the truck—while sitting seatbelted into the driver's seat of a running motor vehicle parked in the travel lane of a public road.  The challenged argument excerpts do not weigh perceptibly on the main issue requiring juror inference—whether appellant operated that motor vehicle while intoxicated in order to get to that public intersection. We conclude beyond a reasonable doubt that the challenged argument excerpts did not contribute to appellant's conviction or punishment, and further that they did not affect his substantial rights. *See* Tex. R. App. P. 44.2(a), (b).

## CONCLUSION

We affirm the judgment.

_____

Jeff Rose, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed

Filed:   August 22, 2014

Do Not Publish

6