**Henry Lee PORTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–95–254–CR.**

Court of Appeals of Texas,
Waco.

May 8, 1996.

Paul Guillotte, Jr., Gatesville, for appellant.

Edwin E. Powell, Jr., Gatesville, for appellee.

Before CUMMINGS and VANCE, JJ.

### OPINION

VANCE, Justice.

Henry Lee Porter appeals a conviction for driving while intoxicated (DWI).[1] Porter's conviction depends on whether "[DWI] First Offense" is a lesser-included offense of

---

**1.** The information against Porter alleged an offense date of December 30, 1993. Therefore, the statutory provision in effect at the time of the offense was former article 6701*l*—1 of the Texas Revised Civil Statutes. Act of May 18, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex.Gen.Laws 1568, 1574, *amended by* Act of May 16, 1985, 69th Leg., R.S., ch. 462, § 18, 1985 Tex.Gen. Laws 1624, 1630, *repealed by* Act of May 8, 1993, 73rd Leg., R.S., ch. 900, § 1.15, 1993 Tex.Gen. Laws 3586, 3704 *and* Act of May 24, 1995, 74th Leg., R.S., ch. 318, § 63, 1995 Tex.Gen.Laws 2734, 2755 [hereinafter "article 6701*l*—1"] (current version at TEX. PENAL CODE ANN. § 49.04 (Vernon 1994 & Supp.1996)).

"[DWI] Second Offense." Because we conclude that the two are *not* separate offenses, we will reverse and remand the cause for a new trial.

## BACKGROUND

On December 30, 1993, an investigator from the Copperas Cove Police Department arrested Porter for DWI. Art. 6701*l*—1, *supra* note 1. Porter was charged by information with what the State alleged to be his second DWI offense, a misdemeanor. *Id.* art. 6701*l*—1(d). The information charged that Porter had one previous DWI conviction in Bell County on May 8, 1992. Although the court sustained Porter's objection to the admission of records showing the prior conviction, it ultimately included a detailed instruction regarding the conviction in the charge on guilt-innocence. The charge provided, in part:

> The Defendant, HENRY LEE PORTER, stands charged by information with the offense of Driving While Intoxicated, 2nd Offense, alleged to have been committed on or about the 30th day of December, 1993, in Coryell County, Texas. The Defendant has pled not guilty.

### I.

A person commits the offense of Driving While Intoxicated if the person is intoxicated while driving or operating a motor vehicle in a public place.

### II.

"Public Place" means any place to which the public or a substantial group of the public has access and includes, but is not limited to, streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and shops.

"Motor Vehicle" means every vehicle which is self-propelled, and includes a passenger car, or motorcycle, or light truck, or truck, tractor, or farm tractor, or road tractor, or truck, or bus.

"Intoxicated" means: (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body.

### III.

Now bearing in mind the foregoing instruction, if you believe from the evidence beyond a reasonable doubt, that on or about the 30th day of December, 1993, in the County of Coryell, and the State of Texas, HENRY LEE PORTER, was then and there intoxicated while driving or operating a motor vehicle in a public place, ... [a]nd that prior to the commission of the aforesaid offense, the said HENRY LEE PORTER was duly and legally convicted one time previously for the offense of driving or operating a motor vehicle upon a public road while intoxicated or under the influence of intoxicating liquor, to wit:

HENRY LEE PORTER was convicted on the 8th day of May, 1992, in the Bell County Court of Bell County, Texas in Cause No. 002C922573 on the docket of said court, entitled The State of Texas vs HENRY LEE PORTER, and the offense was committed and the conviction became final prior to the commission of the offense hereinbefore alleged in the first paragraph hereof;

You will find the defendant guilty of the offense of Driving While Intoxicated, 2nd Offense, and so say by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty". If you do not believe beyond a reasonable doubt that defendant is guilty of Driving While Intoxicated, 2nd Offense, you will proceed to the question of whether defendant is guilty of Driving While Intoxicated, 1st offense. If you do believe beyond a reasonable doubt that defendant is guilty of the lesser included offense of Driving While Intoxicated, 1st Offense, you will say by your vote, "Not Guilty of Driving While Intoxicated, 2nd Offense, but Guilty of Driving While Intoxicated, 1st Offense."

# 556

## IV.

You are further instructed that you cannot convict the defendant in this case unless you believe from the evidence beyond a reasonable doubt that the defendant did drive or operate a motor vehicle in a public place within the County of Coryell and State of Texas, as alleged in the information, and unless you further believe from the evidence beyond a reasonable doubt that the defendant was intoxicated at the very time he is alleged to have driven said motor vehicle; and if you have a reasonable doubt as to either of these two matters, you must resolve that doubt in favor of the defendant and say by your verdict, "Not Guilty".

## V.

[Reasonable doubt instructions]

## VI.

Our law provides that a Defendant may testify in his own behalf if he elects to do so. This, however, is a privilege accorded a Defendant, and in the event he elects not to testify, that fact cannot be taken as circumstance against him. In this case the Defendant has elected not to testify, and you are instructed that you cannot and must not refer or allude to the fact throughout your deliberations or take into consideration for any purpose whatsoever as a circumstance against the Defendant.

With respect to the evidence concerning the defendant having been once previously convicted of being intoxicated while operating a motor vehicle in a public place, if he was, you are instructed that you can not consider such evidence as in any manner proving or tending to prove that the defendant was intoxicated or operated a motor vehicle in a public place on the 30th day of December, 1993.

The jury returned a verdict of "GUILTY of Driving While Intoxicated, 1st Offense, and NOT GUILTY of Driving While Intoxicated, 2nd Offense."

## CHARGE ERROR

In point one, Porter complains that the court erred by overruling his timely objection that the jury charge "erroneously contained an inaccurate statement of the law that Driving While Intoxicated First Offense was a lesser included offense of Driving While Intoxicated Second." [2] He argues that article 6701*l*—1, the Texas "Driving While Intoxicated" statute, creates a single DWI offense and that the subsections within article 6701*l*—1 merely prescribe enhanced punishments for that offense. *Id.* art. 6701*l*—1(b)-(f). Pertinent subsections of article 6701*l*—1, as they appeared at the time of the offense, are as follows:

(b) A person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place. The fact that any person charged with a violation of this section is or has been entitled to use a controlled substance or drug under the laws of this state is not a defense.

(c) Except as provided by Subsections (d), (e), and (f) of this article, an offense under this article is punishable by:

(1) a fine of not less than $100 or more than $2,000; and

(2) confinement in jail for a term of not less than 72 hours or more than two years.

(d) If it is shown on the trial of an offense under this article that the person has previously been convicted one time of an offense under this article, the offense is punishable by:

(1) a fine of not less than $300 or more than $2,000; and

(2) confinement in jail for a term of not less than 15 days or more than two years.

(e) If it is shown on the trial of an offense under this article that the person has previously been convicted two or more times of an offense under this article, the offense is punishable by:

(1) a fine of not less than $500 or more than $2,000; and

---

2. The State presents no argument in this matter, as it has chosen not to favor us with a brief.

(2) confinement in jail for a term of not less than 30 days or more than two years or imprisonment in the state penitentiary for a term of not less than 60 days or more than five years.

(f) If it is shown on the trial of a person punished for an offense under Subsection (c), (d), or (e) of this article that the person committed the offense and as a direct result of the offense another person suffered serious bodily injury, the minimum term of confinement for the offense is increased by 60 days and the minimum and maximum fines for the offense are increased by $500. If it is shown on the trial of a person punished for an offense under this article that the person committed the offense and at the time of the offense the person operating the motor vehicle had an open container of an alcoholic beverage in his immediate possession, the minimum term of confinement is increased....

*Id.*

The question at issue is whether subsection (c), which prescribes punishment for an offender with no prior DWI convictions, is a "lesser-included offense" of subsection (d), which prescribes punishment for an offender with one prior DWI conviction. An offense is a lesser-included offense if: (1) it is established by proof of the same or less than all facts required to establish the greater offense, (2) it differs from the greater offense only in the respect that proof of a less serious injury or risk of injury is sufficient to establish it, (3) it differs from the greater offense only in the respect that proof of a less culpable mental state is sufficient to establish it, or (4) it consists of an attempt to commit the greater offense. TEX.CODE CRIM. PROC.ANN. art. 37.09 (Vernon 1981).

■ When reviewing charge errors, we must undertake a two-step review: first, we must determine whether error actually exists in the charge, and second, we must determine whether sufficient harm resulted from the error to require reversal. *Abdnor v. State,* 871 S.W.2d 726, 731 (Tex.Crim.App. 1994); *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984).

1. ERROR

■ We first consider whether error actually exists in the charge. *Id.* In *Bucek v. State,* 724 S.W.2d 129 (Tex.App.—Fort Worth 1987, no pet.), the Fort Worth Court of Appeals construed article 6701*l*—1 as follows:

When compared to the rest of the Penal Code, it is obvious that subsections (c), (d), (e) and (f) [of article 6701*l*—1] are merely punishment provisions.... The language used to define each offense enumerated in the Penal Code begins with the statement, "a person commits an offense if...." Likewise, the language prescribing extraordinary punishment for an offense because of aggravating factors consistently begins with the phrase, "if it be shown on the trial...." As a result, the conclusion is inescapable that subsection (b) defines the offense of driving while intoxicated. Subsection (c) prescribes the ordinary punishment for that offense and subsections (d), (e) and (f) prescribe extraordinary punishment which is applicable in the event of certain aggravating factors.

*Id.* at 131 (footnote omitted). The Court of Criminal Appeals described this analysis as "both persuasive and sound." *Wilson v. State,* 772 S.W.2d 118, 121 (Tex.Crim.App. 1989). In *Wilson,* the court went on to say:

Consistent with the adoption of the language identifying offenses ("a person commits an offense") the DWI statute also adopts the language of the Penal Code identifying enhanced punishments ("If it be shown on the trial"). For example, the provisions authorizing enhanced punishment for repeat offenders in art. 6701*l*—1(d) and (e), supra are each prefaced with "If it is shown on the trial...." As previously noted, this is virtually the same language employed to introduce the availability of enhanced punishment in the Penal Code.

*Id.* at 123. It follows that proof of Porter's prior DWI conviction should have been reserved for the punishment phase of trial, where the extraordinary punishment pre-

scribed in article 6701*l*—1(d) could be considered.[3]

In light of *Wilson* and *Bucek*, we conclude that article 6701*l*—1(d) does not create a separate offense, but only provides an extraordinary punishment for the misdemeanor offense of driving while intoxicated. Art. 6701*l*—1(d), *supra* note 1. Accordingly, we conclude that article 6701*l*—1(c) is not a lesser-included offense of subsection (d). *Id.* 6701*l*—1(c), (d). Thus, it was error for the court to describe "Driving While Intoxicated, 1st Offense" as a lesser-included offense of "Driving While Intoxicated, 2nd Offense" in the charge.

### 2. HARM

Having found error in the charge, we must determine whether sufficient harm resulted from the error to require reversal. *Abdnor*, 871 S.W.2d at 731; *Almanza*, 686 S.W.2d at 171. Error in the charge, if subject to a timely objection, requires reversal if the error is "calculated to injure the [appellant's] rights," meaning there need only be "some" harm. *Almanza*, 686 S.W.2d at 171. In defining "some" harm, the Court of Criminal Appeals states "the presence of *any* harm, regardless of degree, which results from preserved charging error, is sufficient to require a reversal of the conviction. Cases involving preserved charging error will be affirmed only if *no* harm has occurred." *Arline v. State*, 721 S.W.2d 348, 351 (Tex. Crim.App.1986) (emphasis in original) (citing *Almanza*, 686 S.W.2d at 171); *accord Hayes*

*v. State*, 728 S.W.2d 804, 808 (Tex.Crim.App. 1987). Such error must be reviewed "in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171; *accord Hutch v. State*, 922 S.W.2d 166 at 170 (Tex.Crim.App.1996); *Bailey v. State*, 867 S.W.2d 42, 43 (Tex.Crim.App.1993).

Considering the error before us, we cannot say that no harm occurred. "A defendant is entitled to be convicted upon a correct statement of the law." *Hutch*, 922 S.W.2d at 174. Simply put, the jury found Porter guilty of a lesser-included offense that does not exist. The charge instructed them to "proceed to the question of whether defendant is guilty of Driving While Intoxicated, 1st offense" if they did not "believe beyond a reasonable doubt that defendant is guilty of Driving While Intoxicated, 2nd Offense." The jury found Porter "GUILTY of Driving While Intoxicated, 1st Offense, and NOT GUILTY of Driving While Intoxicated, 2nd Offense." The charge misconstrues the DWI statute to such an extent that Porter did not receive a fair determination of guilt—the only issue before the jury in the initial phase of the trial. It is possible that the jury actually believed Porter to be innocent of the alleged DWI incident at issue, and due to the confusing nature of the charge, found him guilty of "[DWI], 1st Offense" solely because of his prior DWI.

---

**3.** The same cannot always be said with regard to the application of the punishment prescribed in subsections (e) and (f) because allegations of the previous convictions required by those subsections are necessary to invoke the felony jurisdiction of a district court. *See Love v. State*, 833 S.W.2d 264, 266 (Tex.App.—Austin 1992, pet. ref'd); *Pope v. State*, 802 S.W.2d 418, 421 (Tex. App.—Austin 1991, no writ); *Will v. State*, 794 S.W.2d 948, 952 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd) ("[P]rior misdemeanor DWI's are part of the proof at the guilt/innocence stage for felony DWI." *Id.* at 953). We are unable to reconcile the Austin court's "jurisdiction" exception, which allows the State to allege and prove a felony under subsection (e) during the guilt phase in order to invoke the jurisdiction of a district court, with the Austin court's holding that subsection (e) is *not* a separate offense. *Pope*, 802

S.W.2d at 421. According to this construct, if the State fails to prove the prior DWI convictions, then the district court would be without jurisdiction and could not convict the defendant for misdemeanor DWI under subsection (c) or (d) because they are not lesser-included, separate offenses from the felony of subsection (e). However, the issue is not before us. In this case, it was not necessary to establish Porter's prior DWI conviction to prove the offense, since both first and second offense DWI are misdemeanors over which the county court at law has jurisdiction. TEX.PENAL CODE ANN. § 12.41 (Vernon 1994); TEX. GOV'T CODE ANN. §§ 25.0003 (Vernon 1988 & Supp.1996), 26.045 (Vernon 1988 & Supp.1996). Thus, our holding is limited to the relationship of subsections (c) and (d). Art. 6701*l*—1(c), (d), *supra* note 1.

The jury indicated its confusion by asking, "[D]o we only use the last page and void the previous guilty?" to which the judge responded, "Re-examine Charge." In addition, the verdict forms included with the charge were printed with the name of the wrong defendant. Apparently, the judge struck the incorrect name and hand-wrote "Henry Lee Porter" above it when the jury asked if it should "cross out or get [a] corrected page."

We conclude that the court erred in constructing the charge and by including the inaccurate statement of law that "[DWI] First Offense" is a lesser-included offense of "[DWI] Second Offense." This error resulted in "some" harm to Porter. We sustain point one.

Having sustained point one, we find it unnecessary to consider Porter's remaining points. We reverse the judgment of the trial court and remand this cause for a new trial.