Jason Todd SMITH, Appellant,

v.

STATE of Texas, Appellee.

No. 10–98–328–CR.

Court of Appeals of Texas, Waco.

Dec. 29, 1999.

Robert C. Dunn, Law Office of Robert C. Dunn, Corsicana, for appellant.

Patrick C. Batchelor, Criminal Dist. Atty., Corsicana, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## O P I N I O N

TOM GRAY, Justice.

A driver was stopped early one morning because his radio was too loud. During the stop, the police determined the driver was intoxicated and arrested him. He was convicted of driving while intoxicated. On appeal of that conviction, the driver complains that the trial court submitted an erroneous instruction to the jury. We affirm the trial court's judgment.

## FACTUAL BACKGROUND

Jason Todd Smith was arrested during the early morning hours of August 9, 1997, for driving while intoxicated. The police officers initially stopped Smith because the music from the pickup Smith was driving could be heard approximately one half mile away. After conversing with the officers, performing some field sobriety exercises, and submitting to the Horizontal Gaze Nystagmus test, Smith was arrested. He was offered the opportunity to take a breath test; however, he refused.

Smith was convicted by a jury, sentenced to 180 days confinement in jail and fined $1,000.00. Smith was then placed on community supervision for two years. He appeals his conviction, alleging in one issue error in the charge to the jury.

## CHARGE ERROR

■ We must first determine whether error actually exists in the charge. *Hutch v. State,* 922 S.W.2d 166, 170 (Tex.Crim. App.1996); *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984); *Porter v. State,* 921 S.W.2d 553, 557 (Tex.App.— Waco 1996, no pet.). If we determine the trial court erred, then we must determine whether sufficient harm resulted from the error to require reversal. *Hutch v. State,* 922 S.W.2d at 170–171; *Porter v. State,* 921 S.W.2d at 557.

Smith argues that it was error for the trial court to instruct the jury that refusal to submit to a breath test is evidence of guilt. The alleged erroneous instruction is specifically set forth as follows:

You are instructed that you may consider the defendant's refusal to submit to a breath test as evidence of guilt.

Smith recognizes that evidence of his refusal to take a breath test is admissible in his trial pursuant to the Texas Transportation Code. TEX. TRANS. CODE ANN. § 724.061 (Vernon 1999). Smith also agrees with the limited case authority on this subject that a jury may consider the refusal as evidence that he was intoxicated. *See Bright v. State,* 865 S.W.2d 135, 137 (Tex.App.—Corpus Christi 1993, pet. ref'd); *see also Finley v. State,* 809 S.W.2d 909, 913 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd) (inconceivable that legislature would provide for the admissibility of such evidence and also contemplate that the jury should be instructed not to consider it as evidence of *guilt*). Therefore, Smith's only objection to the trial court's instruction is to the use of the word "guilt" rather than the word "intoxication."

■ The record shows that the only element of the offense Smith contested was the element of intoxication. There was no dispute that Smith operated a motor vehicle in a public place. *See* TEX. PEN.CODE ANN. § 49.04(a) (Vernon Supp.2000). Had Smith contested any additional or other element, the difference between "intoxication" and "guilt" might be more of a concern. However, in this instance, there is no difference between the two terms. While the use of the word "intoxication" would have been preferable by possibly avoiding this appeal, under these particular circumstances, the trial court did not err in the instruction to the jury. Smith's sole issue is overruled.

## CONCLUSION

Having overruled Smith's sole issue on appeal, the trial court's judgment is affirmed.