IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00179-CR

 

Janet Lee Elliott,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 40th District
Court

Ellis County, Texas

Trial Court No. 29698CR

 



Opinion



 

            Raising two issues, Janet Lee
Elliott appeals her conviction and six-year prison sentence for the offense of intercepting
a telephone conversation by recording it without the consent of either party to
the conversation.  See Tex. Pen.
Code Ann. § 16.02(b) (Vernon Supp. 2008)).  We will affirm.

Background

            Janet and David Elliott were
going through an acrimonious and protracted divorce after about eighteen months
of marriage.  Janet had undergone numerous back surgeries because of a car
accident and was unable to work.  The trial judge in their divorce proceeding ordered
that, while the divorce was pending, she could reside in David’s home and have
exclusive use of a car he allegedly had bought for her before they were
married.  Janet feared that David would take her car and hide it, so she kept the
keys hidden.  After hearing an answering machine message (which Janet made a
recording of) in which Eric Elliott (David’s son and a Plano police officer)
alluded to taking Janet’s car, Janet obtained and connected a device to the
phone to record telephone conversations.  She recorded telephone conversations
for about a month, edited them, and sent an edited tape to the Plano Police
Department along with a complaint that Eric and David were conspiring to take
away her car.  An internal affairs investigation occurred (in which Eric was
not internally disciplined), and an investigator spoke with Janet.  Janet was
subsequently indicted for committing the offense of interception of an oral
communication.

            At trial, Janet readily
admitted to recording telephone conversations of David and Eric without their
consent.  The trial court refused her request for jury instructions on the
defenses of self-defense and necessity.  She alleges in her two issues that the
trial court erred in refusing her two requested instructions respectively.

Standard of Review

In reviewing complaints of error in the
trial court’s charge, we use a two-step review process.  We first determine
whether charge error exists and then determine whether the error caused
sufficient harm to warrant reversal.  Abdnor v. State, 871 S.W.2d 726,
731-32 (Tex. Crim. App. 1994); Porter v. State, 921 S.W.2d 553, 557
(Tex. App.—Waco 1996, no pet.).  The underlying rationale is that “a defendant
is entitled to be convicted upon a correct statement of the law.”  Hutch v.
State, 922 S.W.2d 166, 174 (Tex. Crim. App. 1996).  If we find that an
error exists and that it caused sufficient harm, we must reverse the trial
court’s decision.  See Porter, 921 S.W.2d at 557.

A defendant is generally entitled to a
jury instruction on every claimed defensive issue so long as the evidence
adduced at trial is sufficient to raise each element of the defense.  See
Granger v. State, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999); Hamel v.
State, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996).  In determining whether
evidence raises a defense, neither the credibility, source, or strength of the
evidence is material.  Hamel, 916 S.W.2d at 493 (stating that “an
accused has the right to an instruction on any defensive issue raised by the
evidence, whether that evidence is weak or strong, unimpeached or contradicted,
and regardless of what the trial court may or may not think about the
credibility of the defense”); Muniz v. State, 851 S.W.2d 238, 254 (Tex. Crim.
App. 1993) (“The evidence which raises the issue may be either strong, weak,
contradicted, unimpeached, or unbelievable.”).  If evidence is such that a
rational juror could accept it as sufficient to prove a defensive element, then
it is said to “raise” that element.  See 43 George E. Dix & Robert
O. Dawson, Texas Practice:  Criminal Practice and Procedure §
36.47 (2d ed. 2001).  The defendant’s testimony by itself is sufficient to
raise a defensive issue requiring an instruction in the jury charge,
particularly when the defendant makes a proper and timely request for such a
charge.  Hayes v. State, 728 S.W.2d 804, 807 (Tex. Crim. App. 1987).  It
is only when the evidence fails to raise every element of a defensive issue
that a trial court may refuse to grant an instruction requested by the
defendant.  See Muniz, 851 S.W.2d at 254.  On appeal, evidence in
support of the defensive issue is reviewed in the light most favorable to the
defense.  Shafer v. State, 919 S.W.2d 885, 886 (Tex. App.—Fort Worth
1996, pet. ref’d).

 

Stefanoff
v. State, 78 S.W.3d
496, 499-500 (Tex. App.—Austin 2002, pet. ref’d).

 

Necessity

 

            Justifications that exclude
criminal responsibility are set out in Chapter 9 of the Penal Code.  “It is a
defense to prosecution that the conduct in question is justified under this
chapter.”  Tex. Pen. Code Ann. §
9.02 (Vernon 2003).

One such statutory justification is necessity:

Conduct is justified if:

 

(1) the actor reasonably believes the
conduct is immediately necessary to avoid imminent harm;

 

(2) the desirability and urgency of
avoiding the harm clearly outweigh, according to ordinary standards of
reasonableness, the harm sought to be prevented by the law proscribing the
conduct; and

 

(3) a legislative purpose to exclude the
justification claimed for the conduct does not otherwise plainly appear. 

 

Id. § 9.22.

The rationale of the defense is not that
the defendant, faced with the unnerving threat of harm unless he does an act
which violates the literal language of the criminal law, somehow loses his
mental capacity to commit the crime in question.  Nor is it that the defendant
has not engaged in a voluntary act.  Rather, it is that even though he has done
the act the crime requires and has the mental state which the crime requires,
his conduct which violates the literal language of the criminal law is
justified because he has thereby avoided a harm of greater magnitude.

 

Arnwine v. State, 20 S.W.3d 155, 159 (Tex. App.—Texarkana
2000, no pet.) (citations omitted).

Elliott’s first issue complains that the
trial court erred by refusing to instruct the jury on necessity.  To raise
necessity, a defendant must admit that she committed the offense and then offer
necessity as a justification.  Young v. State, 991 S.W.2d 835, 839 (Tex. Crim. App. 1999).  Elliott testified at trial and admitted recording the phone calls. 
The threshold issue is thus whether the record contains evidence that Elliott reasonably
believed her conduct was immediately necessary to avoid imminent harm.  See
 Jackson v. State, 50 S.W.3d 579, 595 (Tex. App.—Fort Worth
2001, pet. ref’d).

[A] defendant is required to present
evidence that she reasonably believed a specific harm was imminent.  See
Tex. Penal Code Ann. § 9.22(1); Johnson
v. State, 650 S.W.2d 414, 416 (Tex. Crim. App. 1983)[, overruled in part
by Boget v. State, 74 S.W.3d 23, 31 (Tex. Crim. App. 2002)]; Brazelton,
947 S.W.2d at 648.  “Imminent” means something that is impending, not pending; something
that is on the point of happening, not about to happen.  Jackson v. State,
50 S.W.3d 579, 594-95 (Tex. App.—Fort Worth 2001, pet. filed); Smith v.
State, 874 S.W.2d 269, 272-73 (Tex. App.—Houston [14th Dist.] 1994, pet.
ref’d).  Harm is imminent when there is an emergency situation and it is “immediately
necessary” to avoid that harm.  Jackson, 50 S.W.3d at 594-95; Smith,
874 S.W.2d at 273.  In other words, a split-second decision is required without
time to consider the law.  Jackson, 50 S.W.3d at 594-95; Smith,
874 S.W.2d at 273.

 

Pennington v. State, 54 S.W.3d 852, 857 (Tex. App.—Fort
Worth 2001, pet. ref’d).

Elliott testified that she decided to
record the phone conversations after hearing an answering machine message
relating to Eric trying to get her car.  She said that she began to record
phone conversations for about a month so that if David and Eric were planning
to take her car, she would know about it and try to prevent it.  Also, she said
she recorded the phone conversations so that someone would believe her claim
that they were planning to take the car because it would otherwise be her word
against David’s.  In several of the recorded conversations, David and Eric discussed
possibly taking the car.

            Elliott also testified that
she was afraid they might harm her, as David had previously threatened her with
violence and had poked her surgery incisions while she was sleeping.  In one of
the recorded conversations, Eric exclaimed that he wished Elliott were dead and
that he would like to shoot her.  Thereafter, Elliott edited the recorded
conversations and sent them on one tape to the Plano Police Department with a
letter explaining who was on the tape and what the conversations were about. 
However, she never reported her fears of the car being taken or her being
physically harmed to law enforcement in Ellis County.

Elliott argues that the trial court
erred in refusing a jury instruction on necessity because the recorded
telephone conversations support her being fearful of David and Eric taking her
car and of possible personal injury by David.  The State counters that there is
no evidence of imminent harm to Elliott or her car and that she learned of
Eric’s alleged threat while she was already committing the offense of
intercepting a telephone conversation.

            We find no Texas case where
a defendant urged a necessity defense to the offense of intercepting a
telephone conversation.  In a similar California case, the appellate court
ruled that the trial court properly refused a jury instruction on necessity in
a prosecution of a husband’s illegal recordings of his wife and her paramour’s
telephone conversations.  People v. Strother, 2004 WL
882100, at *2-3 (Cal. Dist. Ct. App. Apr. 26, 2004, rev. denied) (not
designated for publication).  In Strother, the marriage was troubled yet
they shared the house, with the husband moving into the basement and the wife
eventually filing for divorce.  The husband testified that he recorded
telephone conversations because he wanted to know what was going on between his
wife and her paramour fearing for his daughter’s safety and her subsequent
upbringing, should he lose custody.  Id. at *1-3.  He also learned from
the recorded conversations of a threat involving a gun, and he had previously become
aware from his wife that the paramour had a gun.  Id.  Confirming the
trial court’s rationale that the evidence did not establish an imminent threat
of harm, the California appeals court stated:

[D]efendant’s concern “for
the safety of [his] daughter,” which prompted him to continue automatically
recording every telephone conversation after he began the practice, arose from
his fear that, if he ultimately lost custody of his daughter in the pending
divorce action, her subsequent “upbringing” would ultimately suffer, not from a
fear for her immediate physical safety.  Even had the jury accepted that
defendant's daughter would be imperiled by remaining in her mother's care, that
evidence did not establish that defendant considered it to pose an “emergency”
situation (cf. In re Eichorn, supra, 69 Cal.App.4th at p. 389).

 

Finally,
the evidence failed to establish that defendant recorded Christine’s
conversations to “protect[ ][him]self from being murdered” by Christine’s
friend Ron, as he now argues.  Even had defendant’s testimony shown that the
conversation contained an imminent threat of bodily harm, which it did
not, defendant testified he first heard about “a threat ... involving a gun” while
listening to a conversation he had unlawfully recorded.  This testimony
effectively undermined any argument that he engaged in the illegal
eavesdropping because he feared bodily harm at Ron’s hands; at the most,
defendant feared Ron because of what he heard while engaged in illegal
eavesdropping.

 

Because
the evidence offered by defendant was insufficient to permit a reasonable jury
to find that his unlawful eavesdropping “was done to prevent a significant and
imminent evil” (CALJIC No. 4.43), the trial court properly refused to instruct
the jury on the necessity defense.

 

Id. at *3-4.

            We agree with the California
court’s analysis and find it, along with Texas necessity law in general,
applicable to this case.  Elliott, while understandably concerned about having
her car taken, presented no evidence of imminent harm relating to the
car.  See Pennington, 54 S.W.3d at 857 (“Harm is imminent when there is
an emergency situation and it is ‘immediately necessary’ to avoid that harm. … 
In other words, a split-second decision is required without time to consider
the law.”).  Her general fear of being physically harmed is no evidence of
imminent harm, and like the defendant in Strother, she learned of the
alleged shooting threat while listening to an unlawfully recorded conversation,
which undermines her argument that she intercepted the phone conversations out
of fear of being shot.  See Strother, 2004 WL
882100, at *4.

            In conclusion, because there is no evidence that
Elliott engaged in the conduct of intercepting the phone conversations to
prevent imminent harm, the trial court did not err in refusing to submit a jury
instruction on necessity.  We overrule her first issue.

Self-Defense

            Elliott’s second issue
contends that she was entitled to a jury instruction on self-defense because of
the apparent danger that she apprehended; it attempts to fit her recording of
the telephone calls into the statutory justification of self-defense.  

Section 9.31(a) of the Penal Code
provides that a person is justified in using force against another when
and to the degree she reasonably believes the force is immediately necessary
to protect herself against the other’s use or attempted use of unlawful force. 
See Tex. Pen. Code Ann. §
9.31(a) (Vernon Supp. 2008).  By its express terms, this statute’s application
is for a defendant accused of using force against another.  Citing Boget v.
State, Elliott argues that self-defense can be asserted when the defendant
is accused of an offense not involving the use of force.  See Boget
v. State, 74 S.W.3d 23 (Tex. Crim. App. 2002).  There the court held that
self-defense could apply to the offense of criminal mischief when the “mischief
arises out of the accused’s use of force against another.”  Id. at 24,
31. 

In Boget, the defendant was
charged with criminal mischief for breaking a truck’s windshield with a
flashlight, and he offered evidence that the truck had been driving at him and
almost hit him.  While the court held that self-defense was available to the
defendant in a prosecution for criminal mischief, the mischief must have arisen
out of the defendant’s use of force.  See id. at 27 (“in Boget’s case,
the criminal mischief was part and parcel of his ‘use of force against another.’ 
In other words, without Boget’s use of force there would have been no criminal
mischief.”); id. at 31 (“The relevant inquiry is whether he directed his
force against another.”).

In this case there is no evidence that
Elliott directed force against another in recording the telephone
conversations.  Therefore, the trial court did not err in refusing to submit a
jury instruction on self-defense.  Elliott’s second issue is overruled.

Having overruled both issues, we affirm
the trial court’s judgment.

 

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed June 24, 2009

Publish

[CR25]