

# IN THE
## TENTH COURT OF APPEALS

### No. 10-08-00179-CR

**JANET LEE ELLIOTT,**

                                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                    **Appellee**

---

**From the 40th District Court
Ellis County, Texas
Trial Court No. 29698CR**

---

## OPINION

---

Raising two issues, Janet Lee Elliott appeals her conviction and six-year prison sentence for the offense of intercepting a telephone conversation by recording it without the consent of either party to the conversation.  *See* TEX. PEN. CODE ANN. § 16.02(b) (Vernon Supp. 2008)).  We will affirm.

### Background

Janet and David Elliott were going through an acrimonious and protracted divorce after about eighteen months of marriage.  Janet had undergone numerous back

surgeries because of a car accident and was unable to work. The trial judge in their divorce proceeding ordered that, while the divorce was pending, she could reside in David's home and have exclusive use of a car he allegedly had bought for her before they were married. Janet feared that David would take her car and hide it, so she kept the keys hidden. After hearing an answering machine message (which Janet made a recording of) in which Eric Elliott (David's son and a Plano police officer) alluded to taking Janet's car, Janet obtained and connected a device to the phone to record telephone conversations. She recorded telephone conversations for about a month, edited them, and sent an edited tape to the Plano Police Department along with a complaint that Eric and David were conspiring to take away her car. An internal affairs investigation occurred (in which Eric was not internally disciplined), and an investigator spoke with Janet. Janet was subsequently indicted for committing the offense of interception of an oral communication.

At trial, Janet readily admitted to recording telephone conversations of David and Eric without their consent. The trial court refused her request for jury instructions on the defenses of self-defense and necessity. She alleges in her two issues that the trial court erred in refusing her two requested instructions respectively.

## Standard of Review

In reviewing complaints of error in the trial court's charge, we use a two-step review process. We first determine whether charge error exists and then determine whether the error caused sufficient harm to warrant reversal. *Abdnor v. State*, 871 S.W.2d 726, 731-32 (Tex. Crim. App. 1994); *Porter v. State*, 921 S.W.2d 553, 557 (Tex.

App.—Waco 1996, no pet.). The underlying rationale is that "a defendant is entitled to be convicted upon a correct statement of the law." *Hutch v. State*, 922 S.W.2d 166, 174 (Tex. Crim. App. 1996). If we find that an error exists and that it caused sufficient harm, we must reverse the trial court's decision. *See Porter*, 921 S.W.2d at 557.

> A defendant is generally entitled to a jury instruction on every claimed defensive issue so long as the evidence adduced at trial is sufficient to raise each element of the defense. *See Granger v. State*, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999); *Hamel v. State*, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996). In determining whether evidence raises a defense, neither the credibility, source, or strength of the evidence is material. *Hamel*, 916 S.W.2d at 493 (stating that "an accused has the right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of the defense"); *Muniz v. State*, 851 S.W.2d 238, 254 (Tex. Crim. App. 1993) ("The evidence which raises the issue may be either strong, weak, contradicted, unimpeached, or unbelievable."). If evidence is such that a rational juror could accept it as sufficient to prove a defensive element, then it is said to "raise" that element. *See* 43 George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* § 36.47 (2d ed. 2001). The defendant's testimony by itself is sufficient to raise a defensive issue requiring an instruction in the jury charge, particularly when the defendant makes a proper and timely request for such a charge. *Hayes v. State*, 728 S.W.2d 804, 807 (Tex. Crim. App. 1987). It is only when the evidence fails to raise every element of a defensive issue that a trial court may refuse to grant an instruction requested by the defendant. *See Muniz*, 851 S.W.2d at 254. On appeal, evidence in support of the defensive issue is reviewed in the light most favorable to the defense. *Shafer v. State*, 919 S.W.2d 885, 886 (Tex. App.—Fort Worth 1996, pet. ref'd).

*Stefanoff v. State*, 78 S.W.3d 496, 499-500 (Tex. App.—Austin 2002, pet. ref'd).

### Necessity

Justifications that exclude criminal responsibility are set out in Chapter 9 of the Penal Code. "It is a defense to prosecution that the conduct in question is justified under this chapter." Tex. Pen. Code Ann. § 9.02 (Vernon 2003).

One such statutory justification is necessity:

Conduct is justified if:

(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and

(3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

*Id.* § 9.22.

The rationale of the defense is not that the defendant, faced with the unnerving threat of harm unless he does an act which violates the literal language of the criminal law, somehow loses his mental capacity to commit the crime in question. Nor is it that the defendant has not engaged in a voluntary act. Rather, it is that even though he has done the act the crime requires and has the mental state which the crime requires, his conduct which violates the literal language of the criminal law is justified because he has thereby avoided a harm of greater magnitude.

*Arnwine v. State,* 20 S.W.3d 155, 159 (Tex. App.—Texarkana 2000, no pet.) (citations omitted).

Elliott's first issue complains that the trial court erred by refusing to instruct the jury on necessity. To raise necessity, a defendant must admit that she committed the offense and then offer necessity as a justification. *Young v. State,* 991 S.W.2d 835, 839 (Tex. Crim. App. 1999). Elliott testified at trial and admitted recording the phone calls. The threshold issue is thus whether the record contains evidence that Elliott reasonably believed her conduct was immediately necessary to avoid imminent harm. *See Jackson v. State,* 50 S.W.3d 579, 595 (Tex. App.—Fort Worth 2001, pet. ref'd).

> [A] defendant is required to present evidence that she reasonably believed a specific harm was imminent. *See* TEX. PENAL CODE ANN. § 9.22(1); *Johnson v. State,* 650 S.W.2d 414, 416 (Tex. Crim. App. 1983)[, *overruled in part by Boget v. State,* 74 S.W.3d 23, 31 (Tex. Crim. App. 2002)]; *Brazelton,* 947 S.W.2d at 648. "Imminent" means something that is impending, not pending; something that is on the point of happening, not about to happen. *Jackson v. State,* 50 S.W.3d 579, 594-95 (Tex. App.—Fort Worth 2001, pet. filed); *Smith v. State,* 874 S.W.2d 269, 272-73 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd). Harm is imminent when there is an emergency situation and it is "immediately necessary" to avoid that harm. *Jackson,* 50 S.W.3d at 594-95; *Smith,* 874 S.W.2d at 273. In other words, a split-second decision is required without time to consider the law. *Jackson,* 50 S.W.3d at 594-95; *Smith,* 874 S.W.2d at 273.

*Pennington v. State,* 54 S.W.3d 852, 857 (Tex. App.—Fort Worth 2001, pet. ref'd).

Elliott testified that she decided to record the phone conversations after hearing an answering machine message relating to Eric trying to get her car. She said that she began to record phone conversations for about a month so that if David and Eric were planning to take her car, she would know about it and try to prevent it. Also, she said she recorded the phone conversations so that someone would believe her claim that they were planning to take the car because it would otherwise be her word against David's. In several of the recorded conversations, David and Eric discussed possibly taking the car.

Elliott also testified that she was afraid they might harm her, as David had previously threatened her with violence and had poked her surgery incisions while she was sleeping. In one of the recorded conversations, Eric exclaimed that he wished Elliott were dead and that he would like to shoot her. Thereafter, Elliott edited the recorded conversations and sent them on one tape to the Plano Police Department with a letter explaining who was on the tape and what the conversations were about.

However, she never reported her fears of the car being taken or her being physically harmed to law enforcement in Ellis County.

Elliott argues that the trial court erred in refusing a jury instruction on necessity because the recorded telephone conversations support her being fearful of David and Eric taking her car and of possible personal injury by David. The State counters that there is no evidence of imminent harm to Elliott or her car and that she learned of Eric's alleged threat while she was already committing the offense of intercepting a telephone conversation.

We find no Texas case where a defendant urged a necessity defense to the offense of intercepting a telephone conversation. In a similar California case, the appellate court ruled that the trial court properly refused a jury instruction on necessity in a prosecution of a husband's illegal recordings of his wife and her paramour's telephone conversations. *People v. Strother*, 2004 WL 882100, at *2-3 (Cal. Dist. Ct. App. Apr. 26, 2004, rev. denied) (not designated for publication). In *Strother*, the marriage was troubled yet they shared the house, with the husband moving into the basement and the wife eventually filing for divorce. The husband testified that he recorded telephone conversations because he wanted to know what was going on between his wife and her paramour fearing for his daughter's safety and her subsequent upbringing, should he lose custody. *Id.* at *1-3. He also learned from the recorded conversations of a threat involving a gun, and he had previously become aware from his wife that the paramour had a gun. *Id.* Confirming the trial court's rationale that the

evidence did not establish an imminent threat of harm, the California appeals court stated:

> [D]efendant's concern "for the safety of [his] daughter," which prompted him to continue automatically recording every telephone conversation after he began the practice, arose from his fear that, if he ultimately lost custody of his daughter in the pending divorce action, her subsequent "upbringing" would ultimately suffer, not from a fear for her immediate physical safety. Even had the jury accepted that defendant's daughter would be imperiled by remaining in her mother's care, that evidence did not establish that defendant considered it to pose an "emergency" situation (cf. *In re Eichorn, supra,* 69 Cal.App.4th at p. 389).
>
> Finally, the evidence failed to establish that defendant recorded Christine's conversations to "protect[ ][him]self from being murdered" by Christine's friend Ron, as he now argues. Even had defendant's testimony shown that the conversation contained an *imminent* threat of bodily harm, which it did not, defendant testified he first heard about "a threat ... involving a gun" *while listening to a conversation he had unlawfully recorded.* This testimony effectively undermined any argument that he engaged in the illegal eavesdropping because he feared bodily harm at Ron's hands; at the most, defendant feared Ron because of what he heard while engaged in illegal eavesdropping.
>
> Because the evidence offered by defendant was insufficient to permit a reasonable jury to find that his unlawful eavesdropping "was done to prevent a significant and imminent evil" (CALJIC No. 4.43), the trial court properly refused to instruct the jury on the necessity defense.

*Id.* at *3-4.

We agree with the California court's analysis and find it, along with Texas necessity law in general, applicable to this case. Elliott, while understandably concerned about having her car taken, presented no evidence of *imminent* harm relating to the car. *See Pennington,* 54 S.W.3d at 857 ("Harm is imminent when there is an emergency situation and it is 'immediately necessary' to avoid that harm. … In other words, a split-second decision is required without time to consider the law."). Her

general fear of being physically harmed is no evidence of imminent harm, and like the defendant in *Strother*, she learned of the alleged shooting threat while listening to an unlawfully recorded conversation, which undermines her argument that she intercepted the phone conversations out of fear of being shot. *See Strother*, 2004 WL 882100, at *4.

In conclusion, because there is no evidence that Elliott engaged in the conduct of intercepting the phone conversations to prevent imminent harm, the trial court did not err in refusing to submit a jury instruction on necessity. We overrule her first issue.

**Self-Defense**

Elliott's second issue contends that she was entitled to a jury instruction on self-defense because of the apparent danger that she apprehended; it attempts to fit her recording of the telephone calls into the statutory justification of self-defense.

Section 9.31(a) of the Penal Code provides that a person is justified in using *force* against another when and to the degree she reasonably believes the *force* is immediately necessary to protect herself against the other's use or attempted use of unlawful force. *See* TEX. PEN. CODE ANN. § 9.31(a) (Vernon Supp. 2008). By its express terms, this statute's application is for a defendant accused of using force against another. Citing *Boget v. State*, Elliott argues that self-defense can be asserted when the defendant is accused of an offense not involving the use of force. *See Boget v. State*, 74 S.W.3d 23 (Tex. Crim. App. 2002). There the court held that self-defense could apply to the offense of criminal mischief when the "mischief arises out of the accused's use of force against another." *Id.* at 24, 31.

In *Boget*, the defendant was charged with criminal mischief for breaking a truck's windshield with a flashlight, and he offered evidence that the truck had been driving at him and almost hit him. While the court held that self-defense was available to the defendant in a prosecution for criminal mischief, the mischief must have arisen out of the defendant's use of force. *See id.* at 27 ("in Boget's case, the criminal mischief was part and parcel of his 'use of force against another.' In other words, without Boget's use of force there would have been no criminal mischief."); *id.* at 31 ("The relevant inquiry is whether he directed his force against another.").

In this case there is no evidence that Elliott directed force against another in recording the telephone conversations. Therefore, the trial court did not err in refusing to submit a jury instruction on self-defense. Elliott's second issue is overruled.

Having overruled both issues, we affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed June 24, 2009
Publish
[CR25]