**Affirm and Opinion Filed July 10, 2013**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00519-CR**

**OJI JIDEOFOR ONYEKACHI, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. MB10-64310-C**

## MEMORANDUM OPINION

Before Justices Bridges, FitzGerald, and Myers
Opinion by Justice Bridges

Oji Jideofor Onyekachi appeals his driving while intoxicated conviction. A jury convicted appellant, and the trial court sentenced him to 150 days in the Dallas County jail, probated for 15 months, and a $700 fine. In one issue, appellant argues the evidence is insufficient to support his conviction. We affirm the trial court's judgment.

Dallas police officer Joel Curtis testified that on September 10, 2010 at 1 a.m. he responded to 2400 Victory Park Lane as the result of a request from an accident investigator, Officer Balluch. When Curtis arrived, he observed three squad cars, three civilians standing outside, two officers, and "one vehicle that was directly behind another touching each other." Balluch requested a DWI squad officer to come to the scene of the accident because he believed appellant might be intoxicated. Upon arrival, Curtis learned appellant had given Balluch his

driver's license. Curtis testified appellant's "car was the very back one with the front of his vehicle touching the tail end of the vehicle he struck."

When Curtis began talking with appellant, appellant "wanted to explain what occurred" and told Curtis "he was just parking the vehicle." Curtis said he was not "there for the investigation of the accident." Appellant said he was coming from a fundraiser, and he had some beer and wine that night. Initially, appellant told Curtis he had two beers that night but couldn't remember how much wine, but subsequently appellant told Curtis he had a total of four drinks that night. Curtis did not believe appellant was with anyone else that night. Curtis could also smell the odor of alcohol coming from appellant's breath. Curtis testified the accident was minor with the front of appellant's vehicle touching the tail end of another vehicle. In response to Curtis' questioning, appellant stated he had been wearing his seat belt.

During a video recording from Curtis' police car, a fellow police officer told Curtis what eye witnesses had told him, that a black male had driven an SUV up on the curb and the vehicle had come to rest where it was found. The eyewitnesses also told the police officer that the male said he had been at a benefit fundraiser for about four hours and had four or five drinks there.

Curtis administered three field sobriety tests to appellant, starting with the HGN test in which appellant showed six out of six clues. Curtis testified he noticed appellant sway back and forth during the HGN test. Next, Curtis attempted to administer the walk-and-turn test. However, during the instruction stage appellant lost his balance and no longer wanted to continue the test. Finally, Curtis administered the one-leg-stand test where appellant showed three out of the four clues that indicate intoxication. All the field sobriety tests were administered in front of Curtis' car and videotaped in full from the camera in the squad car. Curtis testified that, based on the totality of the circumstances, he concluded appellant was intoxicated from the introduction of alcohol into his system.

Dallas police officer Bobby Watkins testified that he was working as an intoxilyzer operator on September 10, 2010, and he administered a breath test to appellant. Before the breath test, Watkins had appellant perform a test where he was supposed to close his eyes and estimate thirty seconds. The first time appellant performed the test he did "a minute and 19 seconds with circular and front-to-back sway." The second time appellant performed the test, he did "a minute and 12 seconds with circular and front-to-back sway" which Watkins believed showed signs of intoxication. Appellant also did not stand where he was supposed to and was rocking back and forth. Watkins asked appellant to perform the alphabet. The first time, appellant "started at E, F, G, and then he stopped," and the second time he started with A but when "he got to V and he said V, X, W." Watkins also asked appellant to count backwards from 48 to 33, and he "started at 48 and went to 44 then 45 then 44." Watkins told him to stop at 33, but he stopped at 15 instead. Watkins testified that, based on all his observations of appellant, not including his test scores on the breathalyzer, he believed appellant was intoxicated.

Alvin Finkley, the technical supervisor responsible for the maintenance and care of the Intoxilyzer 5000 used by appellant, testified he reviewed the results of appellant's breath test administered by Watkins. Finkley testified appellant's first breath sample scored 0.143, and the second breath sample scored 0.159. Both tests were performed between 2:05 and 2:11 a.m. on September 10, 2010 and Finkley clearly stated that both of appellant's breath samples were above the 0.08 legal limit. Using retrograde extrapolation, Finkley was able to determine that at 1:10 a.m., when appellant was driving his vehicle, his alcohol concentration would have been between 0.15 and 0.17. A jury convicted appellant of driving while intoxicated, and this appeal followed.

In his only issue, appellant argues the evidence is insufficient to support his conviction. Appellant argues there was insufficient evidence to show that he was intoxicated while operating

a motor vehicle in a public place. Specifically, appellant argues there was no evidence presented that he "operated" a motor vehicle while intoxicated. We disagree.

In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Lucio v. State*, 351 S.W.3d 878, 894-95 (Tex. Crim. App. 2011); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.). We are required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326. A defendant's extrajudicial statement may be used to prove that the defendant was driving if the statement is corroborated by surrounding circumstances. *Bucek v. State*, 724 S.W.2d 129, 130 (Tex. App. Fort Worth 1987, no pet.).

Here, appellant told Curtis he was parking his vehicle. The record shows there was evidence that corroborated appellant's extrajudicial statement that he was parking his vehicle. A video recording from Curtis' police car shows a fellow officer telling Curtis that eyewitnesses at the scene indicated there was a black male driving an SUV which ran up on the curb, and the vehicle had come to rest where it was found in the parking lot. Both breath samples appellant gave were well above the 0.08 legal limit. The first breath test score was 0.143 and the second was 0.159. Under these circumstances, we conclude there was sufficient evidence to show appellant was operating a motor vehicle and committed the offense of driving while intoxicated. *See Jackson*, 443 U.S. at 319, 326. We overrule appellant's sole issue.

We affirm the trial court's judgment.

/David L. Bridges/

DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

120519F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

OJI JIDEOFOR ONYEKACHI, Appellant

No. 05-12-00519-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court
No. 3, Dallas County, Texas
Trial Court Cause No. MB10-64310-C.
Opinion delivered by Justice Bridges.
Justices FitzGerald and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered July 10, 2013

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE